Paul L. Alaga, SBN 221165
Edward M. Higginbotham, SBN 231636
Ian B. Kelley, SBN 215393
Conrad K. Wu SBN 256706
**BRYANT LAW GROUP**
885 Bryant Street, 2nd Floor
San Francisco, CA 94103
(415) 581-0885
(415) 581-0887 - fax

Attorneys for Plaintiff DAVID BATISTE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATISTE,<br><br>             Plaintiff,<br><br>     vs.<br><br>CITY OF RICHMOND, HUGO MENDOZA TIM HIGARES and DOES 1-50,<br><br>             Defendants. | Case No.  22-cv-01188<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, § 2000e.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343, and 1332(a)(1).

2.     Venue under 28 U.S.C. §1391(b)(2) is proper because a substantial part of the events or omissions giving rise to the claim occurred in the City of Richmond, County of Contra Costa, California, which is within this judicial district.

3.     Plaintiff David Batiste (hereinafter "PLAINTIFF") is informed and believes, and thereon alleges that the City of Richmond, California (hereinafter, "CITY") is an employer subject to suit

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

1

under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code § 12900 et seq., in that CITY has five (5) or more employees doing business in the State of California.

4. Defendant HUGO MENDOZA (hereinafter "MENDOZA") is a supervisory employee and/or managing agent of CITY and/or Does 1-50. Further, MENDOZA is a resident of the State of California and is therefore subject to suit under the FEHA.

5. Defendant TIM HIGARES (hereinafter "HIGARES") is a supervisory employee and/or managing agent of CITY and/or Does 1-50. Further, HIGARES is a resident of the State of California and is therefore subject to suit under the FEHA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. To the degree that the causes of action alleged herein require either particular administrative compliance or the exhaustion of administrative remedies, said compliance has been made and said administrative remedies exhausted. For State causes of action related to Federal claims, PLAINTIFF is required to comply with an administrative claim requirement under California law. PLAINTIFF has complied with all applicable requirements.

7. The Right to Sue notice to file a private action under Title VII of the Civil Rights Act of 1964 related to the allegations set forth in this complaint and was issued on November 30, 2021.

**PARTIES**

8. PLAINTIFF is an African-American male, over the age of eighteen and residing within the Northern District of the Federal District Court of California.

9. CITY was duly organized by the City Charter on or about March 24, 1909 in Contra Costa County in the State of California and within this judicial district.

10. MENDOZA is an individual over the age of eighteen years who at all times mentioned herein was employed by CITY as a supervisor in the CITY's Maintenance Department.

11. HIGARES is an individual over the age of eighteen years who at all times mentioned herein was employed by CITY in a supervisory capacity in the CITY's Maintenance Department.

12. PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

2

1  damages sustained by PLAINTIFF as set forth herein.  PLAINTIFF will amend his complaint to state
2  the true names and capacities of DOES 1-50, inclusive when they have been ascertained.
3  13.     In engaging in the conduct described herein, MENDOZA and HIGARES and DOES 1-50
4  were acting in the course and scope of their employment with CITY.
5  14.     Except as herein otherwise specifically alleged, PLAINTIFF is informed and believes and
6  thereon alleges that at all relevant times mentioned herein each defendant was the agent, partner,
7  employee, and representative of each of the remaining defendants, and in doing the acts and
8  omissions hereinafter alleged, was acting within the scope of such agency, partnership, employment,
9  and representation, and with the consent, permission, and ratification of each of the other defendants.
10 References to "defendants" are inclusive of all defendants unless specifically noted otherwise.

## STATEMENT OF FACTS

15.     PLAINTIFF is a 48 year-old proud black man and a Bay Area native.

16.     In July of 2007, PLAINTIFF applied for a job and was hired by the CITY as part of its Abatement and Code Enforcement team ("TEAM").

17.     The TEAM was responsible for cleaning up blight in the CITY.  Some of their tasks involved boarding up abandoned houses, clearing yards, and picking up after illegal dumping.

18.     He was assigned as a Maintenance Worker I for the TEAM.

19.     Defendant HIGARES was the manager of the TEAM and had a direct supervisory role over PLAINTIFF.

20.     During his employment with the CITY, PLAINTIFF consistently trained to improve his skill set and to gain relevant certifications, to the end of increasing his value to his employer.

21.     In February of 2013, PLAINTIFF was promoted to Maintenance Worker II.

22.     From the beginning of his employment with the CITY, Defendant MENDOZA referred to PLAINTIFF as "Memin." ("MEMIN").

23.     MEMIN is a Mexican comic book character created in 1943.  The image is of a racist caricature, depicted with monkey-like features and commonly forced to engage in derogatory and debasing acts.  True and correct copies of typical such cartoons are attached hereto as Exhibit A.

24. On almost a daily basis, Defendant MENDOZA and other coworkers referred to PLAINTIFF as MEMIN in front of Defendant HIGARES.

25. CITY employees, in front of Defendants MENDOZA and HIGARES, would on a daily basis, yell across the worksite at PLAINTIFF using the racial slur—they would do this as they left their briefing to begin their day.

26. They would use that term to summon him throughout the day and when they left at night.

27. When this reference was made in front of Defendant HIGARES, he would laugh approvingly with his subordinate CITY employees.

28. The usage was so casual and open that in 2008 several CITY employees from another department were bothered by PLAINTIFF being referred to as MEMIN and informed PLAINTIFF that he should not allow Defendant MENDOZA or others to refer to him with that name.

29. PLAINTIFF looked up on the internet what the term MEMIN referred to and discovered the images, some of which are attached hereto as Exhibit A.

30. PLAINTIFF immediately complained in person to Defendant HIGARES.

31. Defendant HIGARES told PLAINTIFF that he would take care of it.

32. However, rather than stop the racist and offensive remarks, Defendant HIGARES did nothing of substance. He thus failed to take reasonable and appropriate steps to stop the usage of the term by CITY employees and supervisors, including Defendant MENDOZA.

33. Defendant HIGARES never communicated with PLAINTIFF what if any remedial steps would be taken by the CITY.

34. After PLAINTIFF complained to Defendant HIGARES, Defendant MENDOZA and other employees on the TEAM continued to use the term MEMIN in reference to PLAINTIFF and to laugh about doing so.

35. PLAINTIFF would hear Defendant MENDOZA and other employees on the TEAM mumble the slur under their breath whenever PLAINTIFF would walk past or behind them.

36. PLAINTIFF felt powerless to do anything.  The behavior was pervasive and participated in throughout the workplace including by his supervisor, Defendant MENDOZA When he complained to the head of the department, Defendant HIGARES, nothing was done.

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

4

37. In 2015, Defendant MENDOZA was promoted by the CITY to a supervisory position over PLAINTIFF.

38. Immediately after Defendant MENDOZA's promotion, he began to isolate PLAINTIFF and dispatched him to trash pickup, with the instruction that no one was allowed to help PLAINTIFF with the task.

39. Moreover, Defendant MENDOZA continued to refer to PLAINTIFF as MEMIN, both to PLAINTIFF's face and to his coworkers.

40. Defendant MENDOZA encouraged PLAINTIFF's coworkers to continue to refer to him as MEMIN and not by his actual name.

41. Not knowing what else to do, on or about August 13, 2015 PLAINTIFF filed a complaint with the Equal Employment Opportunity Commission ("EEOC") about, *inter alia,* him being referred to as MEMIN by his supervisor, Defendant MENDOZA and other of his coworkers.

42. Defendant CITY was informed of the complaint and began an investigation regarding the allegations submitted to the EEOC.

43. On or about December 13, 2016, investigators for the Defendant CITY determined that PLAINTIFF was referred to as MEMIN by CITY employees and his supervisor MENDOZA.

44. The investigators determined that referring to PLAINTIFF as MEMIN violated the CITY's anti-harassment policy given the racist association.

45. Despite this, Defendant MENDOZA and his coworkers on the TEAM continued to refer to him as MEMIN and they continued to laugh at him when doing so.

46. On or about November 9, 2017, PLAINTIFF was promoted to Building Trade Workers II and transferred to Point Molate where he worked, for the most part, alone.

47. However, when he, from time to time, went back to the main worksite, he would again hear people calling and referring to him as MEMIN.

48. This conduct has continued to the present.

## DAMAGES

49. As a proximate result of Defendants' conduct, PLAINTIFF suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

5

pride. PLAINTIFF was mentally and emotionally injured and damaged as a proximate result of this course of conduct undertaken by Defendants.

50. The conduct of Defendants was malicious, wanton, and oppressive. PLAINTIFF is therefore entitled to an award of punitive damages against said Defendants.

51. PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law. PLAINTIFF is therefore entitled to an award of all attorney fees incurred in relation to this action for violation of his civil rights.

**FIRST CAUSE OF ACTION**

**(Severe and Pervasive Harassment in Violation of**

**Cal. Gov. Code §12900 et seq.)**

**(Against All Defendants)**

52. PLAINTIFF re-alleges the contents of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

53. The actions of CITY and its employees including, but not limited to, HIGARES and MENDOZA and other CITY employees constituted unlawful discrimination in employment, based on harassment in contravention of the Fair Employment and Housing Act, Government Code Section 12900 et seq., and the corresponding regulations of the California Department of Fair Employment and Housing which forbid discrimination in the workplace and termination of an employee on account of race.

54. The harassing acts of CITY's employees including, but not limited to, HIGARES and MENDOZA complained of by PLAINTIFF as set forth above were committed by said employees in their capacity as supervisors and managers and were committed within the scope of their employment or relationship with CITY.

55. From the time of PLAINTIFF's hire, CITY employees including, but not limited to, HIGARES and MENDOZA subjected PLAINTIFF to harassment because of his race. The conduct was unwanted and was so severe and frequent that it created a hostile and abusive work environment. This environment unreasonably affected PLAINTIFF's ability to work without stress, anxiety, or fear. work and advancement.

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

6

56. Defendant CITY's employees including, but not limited to HIGARES and MENDOZA engaged in the above mentioned actions with the intent of harassing PLAINTIFF on account of his race.

57. PLAINTIFF without success brought complaints of harassment identified in the factual summary *supra* to the attention of his supervisors.

58. Defendants CITY, HIGARES and MENDOZA had actual knowledge of the intolerable conditions caused by the acts of harassment alleged above, but failed to take any steps to end those conditions. Furthermore, CITY, HIGARES and MENDOZA knew or should have known that the harassment continued and that their conduct would put PLAINTIFF in fear of his job.

59. Defendant CITY did not exercise reasonable care to prevent and promptly correct any harassing or discriminatory behavior involving its employees including, but not limited to HIGARES and MENDOZA.

60. Upon learning of PLAINTIFF's complaint of race motivated harassment and discrimination, Defendants CITY, HIGARES and MENDOZA failed to undertake an effective, thorough, objective, and complete investigation, in a manner which is free of stereotypical assumptions, of the situation complained of.

61. Defendant CITY failed to consult with persons who they had reason to believe may have relevant information, including the complaining employee, the alleged harassers, any witnesses to the conduct, and victims of similar conduct that the employer has reason to believe there may be.

62. PLAINTIFF is informed and on that basis believes and contends that to the extent Defendant CITY conducted an investigation, any alleged investigation was ineffective and not commensurate with the severity of the offense complained of by PLAINTIFF.

63. As a direct result of the actions of Defendant CITY's employees including, but not limited to, HIGARES and MENDOZA as well as the inactions of CITY in arresting and eliminating the hostile work environment, PLAINTIFF suffered an economic injury.

64. PLAINTIFF is informed and believes and on that basis alleges that CITY could have reasonably anticipated the possibilities of harassment and race motivated harassing conduct occurring in its workplace.

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

7

65. PLAINTIFF is informed and believes and on that basis alleges that the above-recited actions of defendants were done with malice, fraud, and oppression, and in reckless disregard of the PLAINTIFF's rights under California Law.

66. As a proximate result of discriminatory actions by CITY, HIGARES and MENDOZA against PLAINTIFF, as alleged above, PLAINTIFF has been harmed in that he suffered loss of salary, wages, and benefits that he would have received had he continued to advance in his career with CITY.

67. As a further proximate, foreseeable and direct result of the discriminatory acts, PLAINTIFF suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF's damages in an amount in excess of the jurisdictional minimums of this court, the precise amount of which will be proven at trial.

68. CITY and its employees' including but not limited to MENDOZA and HIGARES conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Government Code section 12940(a) and PLAINTIFF is thus entitled to recover punitive damages from defendants, in an amount according to proof.

69. CITY and its employees' including but not limited to MENDOZA and HIGARES committed the acts described in this complaint maliciously, fraudulently, oppressively, and wantonly, entitling PLAINTIFF to an award of punitive damages against Defendants CITY and its employees including but not limited to MENDOZA and HIGARES, in an amount appropriate to punish and make an example of defendants.

## SECOND CAUSE OF ACTION

**(Race-Based Discrimination—Hostile Work Environment—in Violation of Title VII of the Civil Rights Act of 1964,** *as amended***, 42 U.S.C. § 2000e-2(a))**

**(As against all Defendants)**

70. PLAINTIFF re-alleges the contents of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

71. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1)…discriminate against any individual with respect to his compensation, terms, conditions, or

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

8

privileges of employment, because of such individual's…race…or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's…, race…." 42 U.S.C. § 2000e-2(a).

72. Defendant CITY, MENDOZA and HIGARES and Does 1-50 discriminated against PLAINTIFF by treating him differently from his coworkers by virtue of his appearance and race and denying to him opportunities afforded to other non-black employees.

73. PLAINTIFF was subjected to harassment by CITY's agents and employees, including MENDOZA and HIGARES because of his race.

74. PLAINTIFF was subjected to offensive and harassing conduct by Defendants' agents and employees, CITY's agents and employees, including MENDOZA and HIGARES.

75. CITY's agents and employees' conduct was not welcomed by PLAINTIFF.

76. CITY's agents' and employees' conduct was undertaken because of PLAINTIFF's race.

77. The conduct was so severe or pervasive that reasonable persons in PLAINTIFF's positions would find their work environment to be hostile or abusive.

78. PLAINTIFF believed his work environment to be hostile or abusive as a result of CITY's agents' and employees' conduct.

79. Management level employees knew, or should have known, of the abusive conduct. MENDOZA and HIGARES were management and the direct supervisors of PLAINTIFF. They both knew about the conduct complained of herein and participated in the conduct. In addition, PLAINTIFF provided management level personnel, including but not limited to MENDOZA and HIGARES with information sufficient to raise a probability of race harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit and participated in the abusive conduct.

80. CITY did not exercise reasonable care to prevent harassment in the workplace on the basis of race, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

9

81. CITY, MENDOZA and HIGARES and Does 1-50's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to PLAINTIFF's right to be free from discrimination based on race.

82. PLAINTIFF's race was the determining factor and/or a motivating factor in CITY, MENDOZA and HIGARES' and Does 1-50 actions.

83. As a direct, legal and proximate result of the discrimination, PLAINTIFF has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of CITY, MENDOZA and HIGARES' and Does 1-50's actions, PLAINTIFF has suffered emotional distress, resulting in damages in an amount to be proven at trial. PLAINTIFF further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial. As a direct, legal and proximate result of the discrimination, PLAINTIFF has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

84. CITY, MENDOZA and HIGARES' and Does 1-50's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to PLAINTIFF's right to be free from discrimination based on race.

85. PLAINTIFF is entitled to reasonable attorney fees and costs of suit.

## THIRD CAUSE OF ACTION

**(Failure to Take Reasonable Steps in Violation of Cal. Gov't. Code § 12940 et seq.)**

**(Against all Defendants)**

86. PLAINTIFF re-alleges the contents of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

87. PLAINTIFF is informed and believes, and thereon alleges, that CITY and Does 1-50 and their supervisors, agents and/or officers had a duty to take affirmative steps to prevent discrimination and/or harassment from occurring in the workplace.

88. PLAINTIFF is informed and believes, and thereon alleges, that CITY and Does 1-50 and their supervisors, agents and/or officers failed to take reasonable steps necessary to prevent discrimination and/or harassment from occurring in the workplace.

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

10

89. PLAINTIFF is informed and believes, and thereon alleges, that MENDOZA and HIGARES, and Does 1-50 and their supervisors, agents and/or officers had a duty to take affirmative steps to prevent harassment from occurring in the workplace.

90. PLAINTIFF is informed and believes, and thereon alleges, that MENDOZA and HIGARES, and Does 1-50 and their supervisors, agents and/or officers failed to take reasonable steps necessary to prevent harassment from occurring in the workplace.

91. As alleged herein, PLAINTIFF complained of the discrimination and/or harassment that he was being subjected to on the basis of his race. Based on said complaints, CITY, MENDOZA and HIGARES, and Does 1-50 knew or should have known of the discrimination and/or harassment which PLAINTIFF suffered. Further, MENDOZA and HIGARES engaged directly in the discrimination and/or harassment and therefore knew of the discrimination and/or harassment directed at PLAINTIFF. Despite PLAINTIFF's complaints, CITY, MENDOZA and HIGARES, and Does 1-50 continued to harass and/or retaliate against PLAINTIFF.

92. Furthermore, PLAINTIFF is informed and believes, and thereon alleges, that CITY, MENDOZA AND HIGARES, and Does 1-50 and their supervisors, agents and/or officers failed to take prompt and remedial measures to prevent further discrimination and/or harassment in the employment of PLAINTIFF when Defendants knew or should have known that such discrimination and/or harassment was occurring. As such, CITY, MENDOZA AND HIGARES, and Does 1-50, violated the FEHA's mandate that employers take all reasonable steps to prevent discrimination and/or harassment from occurring in the workplace.

93. As a proximate cause of the unlawful conduct of CITY, MENDOZA AND HIGARES, and Does 1-50 against PLAINTIFF, as discussed above, PLAINTIFF has been harmed and has suffered the loss of wages, salary, benefits and has suffered the intangible loss of such employment related opportunities as the opportunity for advancement and promotion within the organization in an amount which will be proven at the time of trial.

94. As a further proximate result of the conduct of CITY, MENDOZA AND HIGARES, as discussed above, PLAINTIFF has been harmed and has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result of such

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

11

1  retaliatory conduct and consequent harm, PLAINTIFF has suffered damages in an amount to be
2  proven at the time of trial.
3  95.     PLAINTIFF has suffered damages in an amount which will be proven at the time of trial.
4  96.     Defendants' actions and inactions in discriminating and harassing against PLAINTIFF was
5  oppressive, fraudulent, malicious and/or in reckless disregard of PLAINTIFF's rights and welfare and
6  therefore warrants the imposition of an award of punitive damages.
7  97.     As a further proximate result of Defendants' actions against PLAINTIFF, as alleged above,
8  PLAINTIFF has had to retain the service of an attorney to protect his rights and as a result, has
9  suffered damages which she is entitled to recover under statute in an amount which will be proven at
10 the time of trial.

## FOURTH CAUSE OF ACTION

**(Breach of Contract)**

**(As against Defendants CITY and DOES 1-50)**

98.     PLAINTIFF re-alleges the contents of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

99.     The terms and conditions of PLAINTIFF's employment relationship with Defendants included, but was not limited to, Defendant CITY's agreement with PLAINTIFF of the following:

   a. PLAINTIFF is protected under General Order Number 33 for harassment in the workplace and work-related settings;
   b. Defendant CITY will maintain no tolerance regarding harassment based on race which is more comprehensive that the State of Federal Law requires;
   c. Defendant CITY will require all CITY employees, including PLAINTIFF, be treated with dignity and respect in the workplace;
   d. Defendant CITY will prohibit harassment against all CITY employees, including PLAINTIFF, on the basis of race…color… national origin…[or] ancestry;
   e. Defendant CITY will subject employees who violate General Order Number 33 to firm disciplinary action up to and including dismissal;

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

12

100. In taking the adverse actions against PLAINTIFF complained of herein, CITY, MENDOZA and HIGARES, Does 1-50 deliberately breached such contract of employment.

101. As a direct, foreseeable and proximate result of Defendants' breach of said contract, PLAINTIFF has lost income and career opportunities, and has suffered other economic losses, to be determined at time of trial. PLAINTIFF has sought to mitigate such wage-related damages.

## FIFTH CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

### (As against Defendants CITY and DOES 1-50)

102. PLAINTIFF re-alleges the contents of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

103. The aforesaid employment contract contained an implied covenant of good faith and fair dealing by which CITY promised to give full cooperation to PLAINTIFF and his performance under the contract and to refrain from doing any act which would prevent or impede PLAINTIFF'S enjoyment of the fruits of the contract. Specifically, the covenant of good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the terms and conditions of the agreement.

104. PLAINTIFF as an individual employee, with no legal representation or prior experience in making such contracts as the one alleged herein, was in an inherently unequal bargaining position in his dealing with CITY, a municipality. In addition, once PLAINTIFF committed himself to the above-stated contract and took the reasonable actions alleged herein in reliance on said contract, PLAINTIFF was placed in a particularly vulnerable position because few geographically reasonable opportunities existed in his field for persons of his experience and qualifications. PLAINTIFF had entrusted his entire livelihood to CITY'S willingness to perform its obligations under the contract, and risked suffering grave harm if Defendants failed to perform. CITY was aware of PLAINTIFF's vulnerability in this regard and took advantage of it.

105. PLAINTIFF is informed and on that basis believes that CITY breached its contract with PLAINTIFF without conducting any reasonable investigation concerning its obligations under the said contract, without good or sufficient cause, for reasons extraneous to the contract, and for the

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

13

purpose of frustrating PLAINTIFF'S enjoyment of the benefits of the contract. Accordingly, CITY breached their implied duty of good faith and fair dealing.

106. Further, CITY breached this covenant with regard to PLAINTIFF through its conduct in:
    a. subjecting PLAINTIFF to differential standards of conduct from other employees;
    b. engaging in harassing and derogatory language and conduct in the presence of PLAINTIFF;

107. As a result of Defendant CITY's violation of said implied covenant of good faith and fair dealing and their reprehensible and willful conduct, PLAINTIFF has suffered harm in:
    a. incurring of reasonable attorney fees in his attempts to obtain the benefits due to his under the above-stated employment contract with Defendant CITY and DOES 1-50;
    b. causing PLAINTIFF to suffer and continue suffering humiliation, embarrassment, and mental anguish, all to his damage in an amount to be determined at trial.

108. The primary motivation of PLAINTIFF in entering into the above-stated contract was to obtain secure employment and terms and conditions of employment which would permit his growth and development as well as allow his substantial autonomy, freedom of action, and a supportive work environment.

109. CITY committed the acts alleged herein maliciously and oppressively with the wrongful intention of injuring PLAINTIFF. Furthermore, Defendants committed these acts for an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF'S rights. PLAINTIFF is thus entitled to recover punitive damages in an amount according to proof.

## SIXTH CAUSE OF ACTION

**(Negligent Supervision and Retention)**

**(Against Defendant CITY and DOES 1-50)**

110. PLAINTIFF re-alleges the contents of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

111. At all times mentioned in this complaint, CITY and DOES 1-50 negligently and carelessly trained and retained its employees including, but not limited to, MENDOZA AND HIGARES, and Does 1-50. CITY and DOES 1-50 breached their duty to exercise reasonable care and acted

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

14

1  negligently and carelessly in the training and retention by failing to give them appropriate training
2  including, but not limited to, the laws and regulations against harassment on the job as required by
3  the Fair Housing and Employment Act.

4  112.  CITY and DOES 1-50 as an employer negligently failed to investigate the background of their
5  employees including, but not limited to, MENDOZA and HIGARES. CITY and DOES 1-50 also
6  failed to take reasonable steps to protect PLAINTIFF from the race-motivated actions of other
7  employees including, but not limited MENDOZA and HIGARES.

8  113.  As a further direct and proximate result of the negligence of defendants as set forth above,
9  plaintiff sustained mental anguish and pain and suffering and continues to suffer humiliation,
10 embarrassment, mental and emotional distress, and distress, and discomfort, all to PLAINTIFF's
11 damage in an amount to be determined by proof at trial.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against All Defendants)

114.  PLAINTIFF re-alleges the contents of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

115.  The conduct of CITY, MENDOZA and HIGARES, and Does 1-50, by and through MENDOZA and HIGARES, and Does 1-50, insofar as it violated the mandates prohibited in Cal. Gov. Code section 12940, against PLAINTIFF, was intentional, extreme, outrageous and malicious.

116.  Defendants' conduct, as alleged above, was intended to and did cause PLAINTIFF severe and serious embarrassment, humiliation, anguish and emotional and physical distress.

117.  As a direct, proximate, and legal result of Defendants' and each of their conduct, as alleged above, PLAINTIFF suffered and continues to suffer damages, including by not limited to, past and future wage loss and other employment benefits, humiliation, physical distress, and mental anguish in amounts to be determined at trial.

118.  Defendants, and each of them, acts with fraud, oppression, and malice, and therefore an assessment of punitive damages against each Defendant is warranted.

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

15

**JURY DEMAND**

PLAINTIFF hereby demands a jury trial in this action for all causes of action properly so tried.

**PRAYER**

WHEREFORE, PLAINTIFF prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For cost of suit herein incurred;

   and

5. For such other and further relief as the Court deems just and proper.

Dated: 2/25/2022                                         /s/ *Paul L. Alaga*

                                                         Paul L. Alaga,
                                                         Attorney for Plaintiff

Complaint for Violations of Civil Rights
*BATISTE vs. CITY OF RICHMAOND, ET AL.* Case No. 22-cv-01188

16

# EXHIBIT A





