PETER O. GLAESSNER, State Bar No. 93830
pglaessner@aghwlaw.com
KELLEN CROWE, State Bar No. 289820
kcrowe@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:   (415) 813-2045

Attorneys for Defendant
HUGO MENDOZA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID BATISTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF RICHMOND, HUGO MENDOZA, TIM HIGARES, and DOES 1-50,<br><br>　　　　　Defendants. | Case No. 4:22-cv-01188-HSG<br><br>**DEFENDANT HUGO MENDOZA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed: February 25, 2022 |

Defendant Hugo Mendoza answers the Complaint filed by Plaintiff David Batiste and asserts affirmative defenses as follows:

**JURISDICTION**

1.　In answer to Paragraph 1 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2.　In answer to Paragraph 2 of the Complaint, Defendant Mendoza admits the allegations.

3.　In answer to Paragraph 3 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

4.　In answer to Paragraph 4 of the Complaint, Defendant Mendoza denies he is a

managing agent for the City of Richmond. Defendant Mendoza admits he is a resident of California and subject to the Fair Employment and Housing Act. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

5. In answer to Paragraph 5 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. In answer to Paragraph 6 of the Complaint, Defendant Mendoza admits Plaintiff is required to exhaust administrative remedies. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

7. In answer to Paragraph 7 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**PARTIES**

8. In answer to Paragraph 8 of the Complaint, Defendant Mendoza admits Plaintiff is an African American male. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

9. In answer to Paragraph 9 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10. In answer to Paragraph 10 of the Complaint, Defendant Mendoza admits he is an individual over the age of eighteen years. Defendant Mendoza denies he was employed in a supervisory capacity during all times mentioned in the Complaint.

11. In answer to Paragraph 11 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

12. In answer to Paragraph 12 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

13. In answer to Paragraph 13 of the Complaint, Defendant Mendoza admits he acted within the course and scope of his employment with the City of Richmond. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

14. In answer to Paragraph 14 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**STATEMENT OF FACTS**

15. In answer to Paragraph 15 of the Complaint, Defendant Mendoza admits Plaintiff is a 48-year-old black man. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

16. In answer to Paragraph 16 of the Complaint, the City of Richmond hired Plaintiff in about 2007 to work for the Abatement and Public Works department. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

17. In answer to Paragraph 17 of the Complaint, Defendant Mendoza admits the allegations.

18. In answer to Paragraph 18 of the Complaint, Defendant Mendoza admits Plaintiff started as a Maintenance Worker I in the Abatement and Public Works department.

19. In answer to Paragraph 19 of the Complaint, Defendant Mendoza denies the allegations as being true at the time of Plaintiff's hiring.

20. In answer to Paragraph 20 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

21. In answer to Paragraph 21 of the Complaint, Defendant Mendoza admits the allegations.

22. In answer to Paragraph 22 of the Complaint, Defendant Mendoza denies referring to Plaintiff as "memin" from the beginning of Plaintiff's employment.

23. In answer to Paragraph 23 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

24. In answer to Paragraph 24 of the Complaint, Defendant Mendoza denies referring to Plaintiff as "memin" on a daily basis in front of Tim Higares. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

25. In answer to Paragraph 25 of the Complaint, Defendant Mendoza denies the

1  allegations.

2  26. In answer to Paragraph 26 of the Complaint, Defendant Mendoza denies using the
3  term "memin" to summon Plaintiff. Defendant Mendoza lacks knowledge or information
4  sufficient to form a belief about the truth of the remaining allegations.

5  27. In answer to Paragraph 27 of the Complaint, Defendant Mendoza lacks knowledge
6  or information sufficient to form a belief about the truth of the allegations.

7  28. In answer to Paragraph 28 of the Complaint, Defendant Mendoza lacks knowledge
8  or information sufficient to form a belief about the truth of the allegations.

9  29. In answer to Paragraph 29 of the Complaint, Defendant Mendoza lacks knowledge
10 or information sufficient to form a belief about the truth of the allegations.

11 30. In answer to Paragraph 30 of the Complaint, Defendant Mendoza denies the
12 allegations.

13 31. In answer to Paragraph 31 of the Complaint, Defendant Mendoza denies the
14 allegations.

15 32. In answer to Paragraph 32 of the Complaint, Defendant Mendoza lacks knowledge
16 or information sufficient to form a belief about the truth of the allegations.

17 33. In answer to Paragraph 33 of the Complaint, Defendant Mendoza lacks knowledge
18 or information sufficient to form a belief about the truth of the allegations.

19 34. In answer to Paragraph 34 of the Complaint, Defendant Mendoza admits he
20 referred to Plaintiff as "memin" in a joking manner on at least one occasion before his promotion
21 to Supervisor. Defendant Mendoza lacks knowledge or information sufficient to form a belief
22 about the truth of the remaining allegations.

23 35. In answer to Paragraph 35 of the Complaint, Defendant Mendoza denies
24 mumbling the word "memin" under his breath as Plaintiff walked past him. Defendant Mendoza
25 lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26 36. In answer to Paragraph 36 of the Complaint, Defendant Mendoza the use of
27 "memin" was pervasive. Defendant Mendoza denies referring to Plaintiff as "memin" when he
28 was a Supervisor. Defendant Mendoza denies Defendant Tim Higares was the head of the

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

department. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

37. In answer to Paragraph 37 of the Complaint, Defendant Mendoza admits he received a promotion to Abatement Division Supervisor. Defendant Mendoza denies receiving the promotion in 2015.

38. In answer to Paragraph 38 of the Complaint, Defendant Mendoza denies the allegations.

39. In answer to Paragraph 39 of the Complaint, Defendant Mendoza denies the allegations.

40. In answer to Paragraph 40 of the Complaint, Defendant Mendoza denies the allegations.

41. In answer to Paragraph 41 of the Complaint, Defendant Mendoza admits Plaintiff filed a complaint with the Equal Employment Opportunity Commission in about 2015. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

42. In answer to Paragraph 42 of the Complaint, Defendant Mendoza admits the City of Richmond investigated Plaintiff's EEOC complaint. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

43. In answer to Paragraph 43 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

44. In answer to Paragraph 44 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

45. In answer to Paragraph 45 of the Complaint, Defendant Mendoza denies referring to Plaintiff as "memin" or laughing at anyone using that name after August 13, 2015. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

46. In answer to Paragraph 46 of the Complaint, Defendant Mendoza admits Plaintiff transferred to a different team and work location. Defendant Mendoza denies Plaintiff received a

1  promotion in 2017. Defendant Mendoza lacks knowledge or information sufficient to form a

2  belief about the truth of the remaining allegations.

3        47.     In answer to Paragraph 47 of the Complaint, Defendant Mendoza denies referring

4  to Plaintiff as "memin" after Plaintiff transferred to a different work location. Defendant

5  Mendoza lacks knowledge or information sufficient to form a belief about the truth of the

6  allegations.

7        48.     In answer to Paragraph 48 of the Complaint, Defendant Mendoza denies referring

8  to Plaintiff as "memin" after Plaintiff transferred to a different work location. Defendant

9  Mendoza lacks knowledge or information sufficient to form a belief about the truth of the

10  allegations.

## DAMAGES

12        49.     In answer to Paragraph 49 of the Complaint, Defendant Mendoza denies his

13  conduct caused any harm to Plaintiff. Defendant Mendoza lacks knowledge or information

14  sufficient to form a belief about the truth of the remaining allegations.

15        50.     In answer to Paragraph 50 of the Complaint, Defendant Mendoza denies he acted

16  toward Plaintiff in a malicious, wanton, oppressive, or reckless manner entitling Plaintiff to

17  punitive damages. Defendant Mendoza lacks knowledge or information sufficient to form a belief

18  about the truth of the remaining allegations.

19        51.     In answer to Paragraph 51 of the Complaint, Defendant Mendoza lacks knowledge

20  or information sufficient to form a belief about the truth of the allegations.

## FIRST CAUSE OF ACTION

**(Severe and Pervasive Harassment in Violation of**

**Cal. Gov. Code §12900 et seq.)**

**(Against All Defendants)**

25        52.     In answer to Paragraph 52 of the Complaint, Defendant Mendoza lacks knowledge

26  or information sufficient to form a belief about the truth of the remaining allegations.

27        53.     In answer to Paragraph 53 of the Complaint, Defendant Mendoza denies harassing

28  or discriminating against Plaintiff. Defendant Mendoza lacks knowledge or information sufficient

520105.1

to form a belief about the truth of the remaining allegations.

54. In answer to Paragraph 54 of the Complaint, Defendant Mendoza denies harassing Plaintiff. Defendant Mendoza denies he acted as a supervisor during all time periods alleged in the Complaint. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

55. In answer to Paragraph 55 of the Complaint, Defendant Mendoza denies harassing Plaintiff. Defendant Mendoza denies he engaged in any conduct unwanted by Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

56. In answer to Paragraph 56 of the Complaint, Defendant Mendoza denies harassing Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

57. In answer to Paragraph 57 of the Complaint, Defendant Mendoza admits Plaintiff complained about harassment on at least one occasion. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

58. In answer to Paragraph 58 of the Complaint, Defendant Mendoza denies harassing Plaintiff. Defendant Mendoza denies knowledge of any working conditions intolerable to Plaintiff. Defendant Mendoza denies doing anything to put Plaintiff in fear of his job. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

59. In answer to Paragraph 59 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

60. In answer to Paragraph 60 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

61. In answer to Paragraph 61 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

62. In answer to Paragraph 62 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

63. In answer to Paragraph 63 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

64. In answer to Paragraph 64 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

65. In answer to Paragraph 65 of the Complaint, Defendant Mendoza denies he acted toward Plaintiff in a malicious, fraudulent, oppressive, or reckless manner entitling Plaintiff to punitive damages. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

66. In answer to Paragraph 66 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

67. In answer to Paragraph 67 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

68. In answer to Paragraph 68 of the Complaint, Defendant Mendoza denies violating Government Code section 12940. Defendant Mendoza denies Plaintiff is entitled to punitive damages for his conduct. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

69. In answer to Paragraph 69 of the Complaint, Defendant Mendoza denies he acted toward Plaintiff in a malicious, fraudulent, oppressive, or reckless manner. Defendant Mendoza denies Plaintiff is entitled to punitive damages for his conduct. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**SECOND CAUSE OF ACTION**

**(Race-Based Discrimination-Hostile Work Environment-in Violation of Title VII of the Civil Rights Act of 1964, as amended_, 42 U.S.C. § 2000e-2(a))**

**(As against all Defendants)**

70. In answer to Paragraph 70 of the Complaint, Defendant Mendoza lacks knowledge

or information sufficient to form a belief about the truth of the allegations.

71. In answer to Paragraph 71 of the Complaint, Defendant Mendoza admits the allegations.

72. In answer to Paragraph 72 of the Complaint, Defendant Mendoza denies discriminating against Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

73. In answer to Paragraph 73 of the Complaint, Defendant Mendoza denies harassing Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

74. In answer to Paragraph 74 of the Complaint, Defendant Mendoza denies harassing Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

75. In answer to Paragraph 75 of the Complaint, Defendant Mendoza denies engaging in any conduct unwelcomed by Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

76. In answer to Paragraph 76 of the Complaint, Defendant Mendoza denies taking any action because of Plaintiff's race. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

77. In answer to Paragraph 77 of the Complaint, Defendant Mendoza denies subjecting Plaintiff to severe or pervasive harassment. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

78. In answer to Paragraph 78 of the Complaint, Defendant Mendoza denies causing a hostile or abusive  lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

79. In answer to Paragraph 79 of the Complaint, Defendant Mendoza denies harassing Plaintiff. Defendant Mendoza denies knowledge of harassment of Plaintiff by any other person. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

80. In answer to Paragraph 80 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

81. In answer to Paragraph 81 of the Complaint, Defendant Mendoza denies he acted toward Plaintiff in a malicious, fraudulent, oppressive, or reckless manner. Defendant Mendoza denies Plaintiff is entitled to punitive damages for his conduct. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

82. In answer to Paragraph 82 of the Complaint, Defendant Mendoza denies engaging in any conduct because of Plaintiff's race. Defendant Mendoza denies knowledge of harassment of Plaintiff by any other person. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

83. In answer to Paragraph 83 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

84. In answer to Paragraph 84 of the Complaint, Defendant Mendoza denies he acted toward Plaintiff in a malicious, wanton, oppressive, or reckless manner entitling Plaintiff to punitive damages. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

85. In answer to Paragraph 85 of the Complaint, Defendant Mendoza denies the allegations.

### THIRD CAUSE OF ACTION

**(Failure to Take Reasonable Steps in Violation of Cal. Gov't. Code§ 12940 et seq.)**

**(Against all Defendants)**

86. In answer to Paragraph 86 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

87. In answer to Paragraph 87 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

88. In answer to Paragraph 88 of the Complaint, Defendant Mendoza denies he failed to take reasonable steps to prevent discrimination or harassment of Plaintiff when he was

Plaintiff's supervisor. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

89. In answer to Paragraph 89 of the Complaint, Defendant Mendoza denies the allegations.

90. In answer to Paragraph 90 of the Complaint, Defendant Mendoza denies he failed to prevent harassment of Plaintiff when he was Plaintiff's supervisor. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

91. In answer to Paragraph 91 of the Complaint, Defendant Mendoza denies he harassed or discriminated against Plaintiff. Defendant Mendoza denies having knowledge of harassment or discrimination against Plaintiff by any other person, and he denies the allegation he should have known. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

92. In answer to Paragraph 92 of the Complaint, Defendant Mendoza denies he failed to prevent harassment of Plaintiff when he was Plaintiff's supervisor. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

93. In answer to Paragraph 93 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

94. In answer to Paragraph 94 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

95. In answer to Paragraph 95 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

96. In answer to Paragraph 96 of the Complaint, Defendant Mendoza denies he harassed or discriminated against Plaintiff. Defendant Mendoza denies he acted toward Plaintiff in a malicious, fraudulent, oppressive, or reckless manner entitling Plaintiff to punitive damages. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

97. In answer to Paragraph 97 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## **FOURTH CAUSE OF ACTION**

**(Breach of Contract)**

**(As against Defendants CITY and DOES 1-50)**

98. In answer to Paragraph 98 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

99. In answer to Paragraph 99 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

100. In answer to Paragraph 100 of the Complaint, Defendant Mendoza denies breaching any contract with Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

101. In answer to Paragraph 101 of the Complaint, Defendant Mendoza denies causing injury to Plaintiff. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

## **FIFTH CAUSE OF ACTION**

**(Breach of Covenant of Good Faith and Fair Dealing)**

**(As against Defendants CITY and DOES 1-50)**

102. In answer to Paragraph 102 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

103. In answer to Paragraph 103 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

104. In answer to Paragraph 104 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

105. In answer to Paragraph 105 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

106. In answer to Paragraph 106 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

520105.1

107. In answer to Paragraph 107 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

108. In answer to Paragraph 108 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

109. In answer to Paragraph 109 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**SIXTH CAUSE OF ACTION**

**(Negligent Supervision and Retention)**

**(Against Defendant CITY and DOES 1-50)**

110. In answer to Paragraph 110 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

111. In answer to Paragraph 111 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

112. In answer to Paragraph 112 of the Complaint, Defendant Mendoza denies engaging in any conduct because of Plaintiff's race. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

113. In answer to Paragraph 113 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**SEVENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Against All Defendants)**

114. In answer to Paragraph 114 of the Complaint, Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the allegations.

115. In answer to Paragraph 115 of the Complaint, Defendant Mendoza denies he acted in an intentional, extreme, outrageous, or malicious manner to cause Plaintiff injury. Defendant Mendoza denies he violated Government Code section 12940. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining remaining allegations.

116. In answer to Paragraph 116 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

117. In answer to Paragraph 117 of the Complaint, Defendant Mendoza denies causing Plaintiff to suffer injury. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

118. In answer to Paragraph 118 of the Complaint, Defendant Mendoza denies he acted in an intentional, extreme, outrageous, or malicious manner to cause Plaintiff injury or entitle him to punitive damages. Defendant Mendoza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

## **AFFIRMATIVE DEFENSES**

Defendant Mendoza pleads the following affirmative defenses:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Cause of Action)**

The Complaint, and each cause of action therein, fails to state a cause of action against Defendant Mendoza.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

The Complaint, and each cause of action of that Complaint, is barred by applicable statutes of limitation, including (but not limited to) the provisions of Code of Civil Procedure §§335.1, 338, 339, 340, 340.1 and 343, Government Code §§ 12960 and 12965, and Labor Code §203.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Unclean Hands, Waiver, Laches)**

The Complaint, and each cause of action of that Complaint, is barred, in whole or in part, by Plaintiff's unclean hands, waiver, and/or laches.

///

///

## FOURTH AFFIRMATIVE DEFENSE

### (Third Party Conduct)

Plaintiff cannot seek damages against Defendant Mendoza to the extent such damages were caused by the conduct of a third party.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State A Claim For Attorney's Fees)

The Complaint fails to properly state a claim for attorney's fees under the Labor Code, Code of Civil Procedure §1021.5, Government Code, Civil Code §3291, or any other basis.

## SIXTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

If through the course of discovery Defendant Mendoza should obtain after-acquired evidence, any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

Plaintiff has failed to fully exhaust their administrative remedies for all claims in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff failed to report any alleged harassment in a timely manner and their remedies are limited by the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's own conduct and/or fault was a substantial factor in the matters alleged and the damages they seek, and therefore, comparative fault must be considered by a trier of fact and to

the extent Plaintiff's comparative conduct and/or fault is found by a trier of fact, then it bars, reduces, or diminishes their recoverable damages, if any, under the comparative fault doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff consented to participation in conduct they now claim was unlawful.

## PRAYER FOR RELIEF

Wherefore, Defendant Mendoza prays for judgment as follows:

1. For judgment in favor of Defendant Mendoza and against Plaintiff;
2. For reasonable attorney's fees and costs; and
3. For such other and further relief as the court deems just and proper.

Dated:  August 5, 2022                ALLEN, GLAESSNER,
                                      HAZELWOOD & WERTH, LLP


                                      By:  */s/ Kellen Crowe*
                                      PETER O. GLAESSNER
                                      KELLEN CROWE
                                      Attorneys for Defendant
                                      HUGO MENDOZA

## DEMAND FOR JURY TRIAL

Defendant Mendoza demands a trial by jury.

Dated:  August 5, 2022                ALLEN, GLAESSNER,
                                      HAZELWOOD & WERTH, LLP

                                      By:  */s/ Kellen Crowe*
                                      PETER O. GLAESSNER
                                      KELLEN CROWE
                                      Attorneys for Defendant
                                      HUGO MEN

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

520105.1