C. CHRISTINE MALONEY (SBN 226575)
MALONEY EMPLOYMENT LAW
203 Flamingo Road, Suite 305
Mill Valley, CA 94941
Telephone: (415) 754-8081
Email: christine@maloney-worklaw.com

Attorney for Defendant
CITY OF RICHMOND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID BATISTE, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF RICHMOND; HUGO MENDOZA; TIM HIGARES; and DOES 1-50, <br><br> Defendants. | Case No. 4:22-CV-01188 HSG <br><br> DEFENDANT CITY OF RICHMOND'S ANSWER TO COMPLAINT FOR DAMAGES <br><br> DEMAND FOR JURY TRIAL |

Defendant CITY OF RICHMOND ("Defendant") answers Plaintiff's Complaint for Damages ("Complaint") as follows:

**I. ANSWER**

JURISDICTION

1. In answer to Paragraph 1 of the Complaint, Defendant admits that the Second Cause of Action arises under 42 U.S.C. §2000e-2(a) and that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. Defendant denies all other allegations in Paragraph 1 except as specifically admitted herein.

2. Defendant admits the allegations in Paragraphs 2 and 3 of the Complaint.

3. In answer to Paragraph 4 of the Complaint, Defendant denies that Defendant Mendoza is a managing agent of the City of Richmond. Defendant is without sufficient knowledge

or information to form a belief about the truth of the remaining allegations in Paragraph 4 and therefore denies the same.

4. In answer to Paragraph 5 of the Complaint, Defendant denies that Tim Higares is a defendant in this action and states that he was dismissed by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48). In further answer to Paragraph 5, Defendant denies that Mr. Higares is a managing agent of the City of Richmond. Defendant is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 5 and therefore denies the same.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Defendant denies the allegations in Paragraphs 6 and 7 of the Complaint.

PARTIES

6. In answer to Paragraph 8 of the Complaint, Defendant admits that Plaintiff is an African-American male over the age of 18. Defendant is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 8 and therefore denies the same.

7. Defendant admits the allegations in Paragraph 9 of the Complaint.

8. In answer to Paragraph 10 of the Complaint, Defendant admits that Mr. Mendoza is over the age of 18. Defendant denies that Mr. Mendoza was employed in the "City's Maintenance Department." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

9. In answer to Paragraph 11 of the Complaint, Defendant admits that Mr. Higares is over the age of 18. Defendant denies that Mr. Higares was employed in the "City's Maintenance Department." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

10. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraphs 12 through 14 of the Complaint and therefore denies the same.

## STATEMENT OF FACTS

11. In answer to Paragraph 15 of the Complaint, Defendant admits that Plaintiff is a 48 year-old black man. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore deny the same.

12. In answer to Paragraph 16 of the Complaint, Defendant admits that Plaintiff was hired by the City of Richmond in July 2007 and was assigned to abatement duties. Defendant denies all other allegations in Paragraph 16 except as specifically admitted herein.

13. In answer to Paragraph 17 of the Complaint, Defendant admits that plaintiff's abatement duties upon his hire included cleaning up blight. Defendant denies all other allegations in Paragraph 17 except as specifically admitted herein.

14. In answer to Paragraph 18 of the Complaint, Defendant admits that Plaintiff was hired as a Maintenance Worker I for the City. Defendant denies all other allegations in Paragraph 18 except as specifically admitted herein.

15. In answer to Paragraph 19 of the Complaint, Defendant admits and states that Mr. Higares was employed as the Code Enforcement Manager in the City's Police Department between approximately 2008 and 2016 and as the Director of the Department of Infrastructure and Maintenance between approximately 2016 and 2019. Defendant denies all other allegations in Paragraph 19 except as specifically admitted herein.

16. In answer to Paragraph 20 of the Complaint, Defendant admits and states that Plaintiff participated in various City-sponsored training programs during his employment. Defendant denies all other allegations in Paragraph 20 except as specifically admitted herein.

17. In answer to Paragraph 21 of the Complaint, Defendant admits that Plaintiff was promoted to Maintenance Worker II. Defendant denies all other allegations in Paragraph 21 except as specifically admitted herein.

18. Defendant denies the allegations in Paragraph 22 of the Complaint.

19. In answer to Paragraph 23 of the Complaint, Defendant admits the allegation in the first sentence of that paragraph. Defendant denies all other allegations in Paragraph 23 except as specifically admitted herein.

20. Defendant denies the allegations in Paragraphs 24 through 28 of the Complaint.

21. In answer to Paragraph 29 of the Complaint, Defendant states that it is without sufficient knowledge or information to form a belief about the truth of the allegations and therefore denies the same.

22. Defendant denies the allegations in Paragraphs 30 through 36 of the Complaint.

23. In answer to Paragraph 37 of the Complaint, Defendant admits that Defendant Mendoza was promoted to an acting supervisory position over abatement workers. Defendant denies all other allegations in Paragraph 37 except as specifically admitted herein.

24. Defendant denies the allegations in Paragraphs 38 through 40 of the Complaint.

25. In answer to Paragraph 41 of the Complaint, Defendant admits that Plaintiff filed a charge with the EEOC on or about August 25, 2015 in which he alleged, *inter alia*, he was referred to as "Memin" by "colleagues." Defendant denies all other allegations in Paragraph 41 except as specifically admitted herein.

26. Defendant admits the allegations in Paragraph 42 of the Complaint.

27. In answer to Paragraph 43 of the Complaint, Defendant admits that its investigator concluded that Plaintiff was called "Memin" by two coworkers. Defendant denies all other allegations in Paragraph 43 except as specifically admitted herein.

28. Defendant admits the allegations in Paragraph 44 of the Complaint.

29. Defendant denies the allegations in Paragraph 45 of the Complaint.

30. In answer to Paragraph 46 of the Complaint, Defendant admits and states that Plaintiff applied and was promoted to the position of Building Trades Worker II in the Building

Services Division of the Department of Infrastructure, Maintenance and Operations, and assigned as the Point Molate caretaker. Defendant denies all other allegations in Paragraph 46 except as specifically admitted herein.

31.  Defendant denies the allegations in Paragraphs 47 through 48 of the Complaint.

## DAMAGES

32.  In answer to the DAMAGES section of the Complaint generally, Defendant affirmatively states that any claim for punitive damages against Defendant was dismissed by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

33.  Defendant denies the allegations in Paragraphs 49 through 51 of the Complaint.

## FIRST CAUSE OF ACTION
(Harassment – Govt. Code 12900 et seq.)
(Against All Defendants)

34.  In answer to the First Cause of Action in the Complaint generally, Defendant affirmatively states that this cause of action was dismissed against Tim Higares by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

35.  In answer to Paragraph 52 of the Complaint, Defendant realleges its answers to the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

36.  Defendant denies the allegations in Paragraphs 53 through 69 of the Complaint.

## SECOND CAUSE OF ACTION
(Discrimination, Harassment – 42 U.S.C. §2000e-2(a))
(Against All Defendants)

37.  In answer to the Second Cause of Action in the Complaint generally, Defendant affirmatively states that this cause of action was dismissed against Tim Higares and Hugo Mendoza by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

38.  In answer to Paragraph 70 of the Complaint, Defendant realleges its answers to the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

39. In answer to Paragraph 71 of the Complaint, Defendant admits that Title VII of the Civil Rights Act of 1964, as amended, makes racial discrimination in employment unlawful. Defendant denies all other allegations in Paragraph 71 except as specifically admitted herein.

40. Defendant denies the allegations in Paragraphs 72 through 77 of the Complaint.

41. In answer to Paragraph 78 of the Complaint, Defendant states that it is without sufficient knowledge or information to form a belief about the truth of the allegations and therefore denies the same.

42. Defendant denies the allegations in Paragraphs 79 through 85 of the Complaint.

THIRD CAUSE OF ACTION
(Failure to Take Reasonable Steps – Govt. Code §12940)
(Against all Defendants)

43. In answer to the Third Cause of Action in the Complaint generally, Defendant affirmatively states that this cause of action was dismissed against Tim Higares and Hugo Mendoza by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

44. In answer to Paragraph 86 of the Complaint, Defendant realleges its answers to the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

45. Defendant denies the allegations in Paragraphs 87 through 97 of the Complaint.

FOURTH CAUSE OF ACTION
(Breach of Contract)
(Against Defendants City and Does 1-50)

46. In answer to the Fourth Cause of Action in the Complaint generally, Defendant affirmatively states that this cause of action was dismissed against Defendant by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

47. In answer to Paragraph 98 of the Complaint, Defendant realleges its answers to the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

48. Defendant denies the allegations in Paragraphs 99 through 101 of the Complaint.

## FIFTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
(Against Defendants City and Does 1-50)

49. In answer to the Fifth Cause of Action in the Complaint generally, Defendant affirmatively states that this cause of action was dismissed against Defendant by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

50. In answer to Paragraph 102 of the Complaint, Defendant realleges its answers to the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

51. Defendant denies the allegations in Paragraphs 103 through 109 of the Complaint.

## SIXTH CAUSE OF ACTION
(Negligent Supervision and Retention)
(Against Defendant City and Does 1-50)

52. In answer to the Sixth Cause of Action in the Complaint generally, Defendant affirmatively states that this cause of action was dismissed against Defendant by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

53. In answer to Paragraph 110 of the Complaint, Defendant realleges its answers to the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

54. Defendant denies the allegations in Paragraphs 111 through 113 of the Complaint.

## SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against all Defendants)

55. In answer to the Seventh Cause of Action in the Complaint generally, Defendant affirmatively states that this cause of action was dismissed against all Defendants by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

56. In answer to Paragraph 114 of the Complaint, Defendant realleges its answers to the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

57. Defendant denies the allegations in Paragraphs 115 through 118 of the Complaint.

PRAYER

58. Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Complaint.

59. In further answer to Plaintiff's prayer, Defendant affirmatively states that all claims for punitive damages against Defendant were dismissed by the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48).

## II. AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, Defendant CITY OF RICHMOND asserts the following affirmative defenses to the First, Second and Third Causes of Action in the Complaint. These are the only causes of action which remain after the Court's July 15, 2022 order granting defendants' motions to dismiss (Dkt. No. 48):

### FIRST AFFIRMATIVE DEFENSE

1. One or more of the causes of action or claims made in the Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. One or more of the causes of action or claims made in the Complaint are barred in whole or part by the applicable statute of limitation including, without limitation, those set forth in 42 U.S.C. §2000e-5(e), (f) and/or Cal. Govt. Code §§12960 and 12965.

### THIRD AFFIRMATIVE DEFENSE

3. One or more of the causes of action or claims made in the Complaint are barred in whole or part because Plaintiff failed to exhaust administrative remedies in accordance with 42 U.S.C. §2000e-5(b) and/or Cal. Govt. Code §§12960 and 12965.

### FOURTH AFFIRMATIVE DEFENSE

4. The First and Third Causes of Action in the Complaint are subject to the avoidable consequences doctrine pertaining to supervisory harassment. To wit, Defendant took reasonable

steps to prevent and correct workplace harassment, while Plaintiff unreasonably failed to use the preventive and corrective measures available to him through his employer. The reasonable use of Defendant's procedures would have prevented some or all of Plaintiff's alleged harm.

### FIFTH AFFIRMATIVE DEFENSE

5.	The Second Cause of Action in the Complaint is barred in whole or part by the federal affirmative defense to claims of supervisory harassment. To wit, Defendant exercised reasonable care to avoid and eliminate harassment, in part by establishing an anti-harassment policy and complaint process, and Plaintiff failed to act with reasonable care by taking advantage of Defendant's complaint procedures. Had Plaintiff utilized the safeguards available to him, he could have prevented the harm he claims to have experienced.

### SIXTH AFFIRMATIVE DEFENSE

6.	The Second Cause of Action in the Complaint is barred in whole or part by the fact that any adverse employment action involving Plaintiff was motivated by legitimate, non-discriminatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

7.	One or more of the causes of action or claims made in the Complaint are barred and Defendant is immune from liability pursuant to Cal. Govt. Code §815.6 because it exercised reasonable diligence to prevent discrimination and harassment from occurring.

### EIGHTH AFFIRMATIVE DEFENSE

8.	One or more of the causes of action or claims made in the Complaint are barred and Defendant is immune from liability pursuant to Cal. Govt. Code §815.2 for acts of its employees which are outside the scope of the employee's employment.

### NINTH AFFIRMATIVE DEFENSE

9.	Plaintiff is barred in whole or part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his

alleged damages and/or harm.

## TENTH AFFIRMATIVE DEFENSE

10. One or more of the causes of action or claims made in the Complaint are barred by the equitable doctrine of laches due to Plaintiff's unreasonable delay in asserting and/or pursuing claims against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims are barred, and/or his recovery of any damages is barred or diminished, by the equitable doctrines of unclean hands, waiver and estoppel.

## ADDITIONAL AFFIRMATIVE DEFENSES

12. Defendant cannot fully anticipate all affirmative defenses that may be applicable to the allegations in the Complaint at the present time. Accordingly, Defendant reserves the right to assert additional affirmative defenses as they become known.

### III.  PRAYER

WHEREFORE, Defendant CITY OF RICHMOND prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That the Complaint and each cause of action stated against Defendant be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every prayer and demand for relief contained in the Complaint;

4. That Defendant be found to be a prevailing party;

5. For expenses and costs of suit herein, including Defendant's reasonable attorney's fees; and

6. For such other relief that the court deems just and equitable.

## IV.  DEMAND FOR JURY

Defendant CITY OF RICHMOND demands a jury trial.

DATED: October 28, 2022

MALONEY EMPLOYMENT LAW

*/s/ C. Christine Maloney*
_____
C. Christine Maloney
Attorney for Defendant
City of Richmond