1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7  DAVID BATISTE,                              Case No. 22-cv-01188-AMO

8         Plaintiff,

9     v.                                       **ORDER DENYING RULE 60 MOTION FOR RELIEF FROM ORDER**

10  CITY OF RICHMOND, et al.,                   Re: Dkt. No. 130

11        Defendants.

12

13        Before the Court is Hugo Mendoza's Rule 60 motion for relief from the Court's November

14  27, 2023 order on Defendants' motions for summary judgment. The matter is fully briefed and

15  suitable for decision without oral argument. Accordingly, the hearing set for **June 6, 2024** is

16  VACATED. *See* Civil L.R. 7-1(b). This Order assumes familiarity with the facts of the case, the

17  parties' arguments, the relevant law, as well as the Court's November 27, 2023 order. ECF 124.

18  Having read the parties' papers and carefully considered their arguments and the relevant legal

19  authority, and good cause appearing, the Court hereby **DENIES** the motion for the following

20  reasons.

21        Rule 60(b)(1) allows relief where "mistake, inadvertence, surprise, or excusable neglect"

22  led to the final order. Fed. R. Civ. P. 60(b)(1). "Motions for relief from judgment pursuant to

23  Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed

24  absent an abuse of discretion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

25        Defendant Hugo Mendoza moves for relief from the Court's summary judgment order,

26  arguing that the Court made a mistake of law by ruling that Batiste exhausted his administrative

27  remedies against Mendoza and removing Mendoza's affirmative defense from the jury. ECF 130

28  at 3-7. The Court cannot agree.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9

To begin with, Mendoza's instant motion mostly rehashes the evidence and arguments he put before the Court in his motion for summary judgement.[1]  *See* ECF 130 at 5-6 ("Batiste did not name Mendoza in the caption of the administrative charge," Mendoza was named "in the body of a charge as a supervising witness who heard others use the racist term, but not specifically as someone who used the term," and he had no notice that he was the target of an investigation); ECF 69 at 11, ECF 86 at 5-6 (same).  "[S]imply disagreeing with a court's decision does not meet the definition of 'mistake, inadvertence, surprise, or excusable neglect.' "  *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 07-CV-05634-CRB, 2023 WL 1428564, at *3 (N.D. Cal. Jan. 25, 2023), *aff'd*, No. 23-15118, 2024 WL 810703 (9th Cir. Feb. 27, 2024).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Mendoza further argues that the Court overreached in granting Batiste summary judgment on administrative exhaustion because Batiste did not so move.  The Ninth Circuit has "long recognized that, where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party."  *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (citing cases).  "[A] court may grant summary judgment without notice if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the motion.' "  *In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998) (citations omitted); *see Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 654-55 (9th Cir. 2016) (quoting *Albino*, 747 F.3d at 1176) ("Although Gonzales did not himself move for summary judgment in the district court, we may grant summary judgment *sua sponte* to a nonmoving party if, drawing all inferences in favor of the moving party, there are no genuine issues of material fact, the moving party has 'be[en] given reasonable notice that the sufficiency of his or her claim will be in issue,' and the nonmoving party is entitled to summary judgment as a matter of law.").  In his motion for summary judgment, Mendoza raised whether Batiste exhausted his administrative remedies against Mendoza.  ECF 69 at 11.  Mendoza was thus

25
26
27
28

---

[1] In denying Mendoza's motion for summary judgment, the Court found that by naming Mendoza in the body of the administrative charge as Batiste's supervisor and stating that Batiste's colleagues referred to him as "Memín" for years, Batiste exhausted his administrative remedies against Mendoza.  ECF 124 at 11-12.

aware that the Court would consider the issue and had a "full and fair opportunity to prove [his] case." *See Albino*, 747 F.3d at 1176.  Accordingly, Mendoza has not shown that the Court made a mistake of law in concluding that Batiste exhausted his administrative remedies as a matter of law.

Mendoza finally contends that the Court erred in not "considering the totality of the evidence [he] presented" regarding administrative exhaustion, and has thus "denied Mendoza a jury trial of a viable affirmative defense[.]"  ECF 130 at 6.  First, Mendoza cites no authority for the proposition that administrative exhaustion is properly put before a jury.  Moreover, none of the "disputed evidence" is material to the Court's conclusion that Batiste established that he exhausted his administrative remedies.  *See* ECF 124 at 11-12; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.").  While Mendoza may disagree with the Court's assessment of the legal significance of the offered evidence, that is insufficient basis on which to grant relief.

For the foregoing reasons, the Court **DENIES** Mendoza's motion for relief under Rule 60.

**IT IS SO ORDERED.**

Dated: April 4, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**