PAUL L. ALAGA (SBN 221165)
paulalaga@sflaw.net
CONRAD WU (SBN 256706)
conradweesq@gmail.com
BRYANT LAW GROUP
885 Bryant Street, Suite 202
San Francisco, CA  94103
Telephone:      (415) 581-0885

Attorneys for Plaintiff
DAVID BATISTE

C. CHRISTINE MALONEY (SBN 226575)
christine@maloney-worklaw.com
MALONEY EMPLOYMENT LAW
203 Flamingo Road, Suite 305
Mill Valley, CA  94941
Telephone:      (415) 754-8081

Attorneys for Defendant
CITY OF RICHMOND

PETER O. GLAESSNER (SBN 93830)
pglaessner@aghwlaw.com
KELLEN CROWE (SBN 289820)
kcrowe@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:      (415) 697-2000

Attorneys for Defendant
HUGO MENDOZA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATISTE,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CITY OF RICHMOND, HUGO MENDOZA, et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  3:22-cv-01188-AMO<br><br>**AMENDED PROPOSED JURY INSTRUCTIONS** |

Amended Proposed Jury Instructions                                    Case No. 3:22-cv-01188 AMO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Minute Entry following a motion hearing on August 5, 2024 (Dkt. No. 263), the parties submit the following Amended Proposed Jury Instructions. The amendments are as follows: (1) elimination of Instruction Nos. 11 through 17; (2) addition of a limiting instruction on the Chiari Investigative Report (Ex. 141); and (3) an instruction to disregard exhibit redactions.

## I.     JOINT PROPOSED PRELIMINARY, GENERAL AND CONCLUDING INSTRUCTIONS

The Parties agree to use of the following preliminary, general and concluding instructions from the Ninth Circuit's Model Civil Jury Instructions:

**Preliminary Instructions**

1.4:    Duty of Jury
1.5:    Claims and Defenses
1.6:    Burden of Proof: Preponderance of the Evidence
1.8:    Two or More Parties: Different Legal Rights
1.9:    What is Evidence
1.10:   What is Not Evidence
1.11:   Evidence for a Limited Purpose
1.12:   Direct and Circumstantial Evidence
1.13:   Ruling on Objections
1.14:   Credibility of Witnesses
1.15:   Conduct of the Jury
1.17:   No Transcript Available To Jury
1.18:   Taking Notes
1.20:   Bench Conferences and Recesses
1.21:   Outline of Trial

**General Instructions During Course of Trial**

2.9:    Impeachment Evidence: Witnesses

**Concluding Instructions**

3.1:    Duty to Deliberate
3.2:    Consideration of Evidence: Conduct of the Jury
3.3:    Communications with the Court

3.5:     Return of Verdict

II.     **UNDISPUTED AND DISPUTED SUBSTANTIVE JURY INSTRUCTIONS**

The Parties append their undisputed and disputed substantive jury instructions in the forms attached as Appendix A.

DATED: August 16, 2024          BRYANT LAW GROUP

                                */s/ Paul L. Alaga*
                                _____
                                Paul L. Alaga
                                Conrad Wu
                                Attorneys for Plaintiff
                                David Batiste


DATED: August 16, 2024          MALONEY EMPLOYMENT LAW

                                */s/ C. Christine Maloney*
                                _____
                                C. Christine Maloney
                                Attorney for Defendant
                                City of Richmond


DATED: August 16, 2024          ALLEN GLAESSNER HAZELWOOD & WERTH LLP

                                */s/ Peter O. Glaessner*
                                _____
                                Peter O. Glaessner
                                Kellen Crowe
                                Attorneys for Defendant
                                Hugo Mendoza

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF CONCURRENCE**

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: August 16, 2024          MALONEY EMPLOYMENT LAW

/s/ C. Christine Maloney

_____

C. Christine Maloney
Attorney for Defendant
City of Richmond

# APPENDIX

# (PROPOSED SUBSTANTIVE JURY INSTRUCTIONS)

**Disputed Instruction No. 1 Re Excluded Time Periods**
**Offered By Defendant City and Defendant Mendoza**

      When deciding whether David Batiste has proved his claims in this lawsuit, you must not consider events, conduct or allegations by Mr. Batiste occurring after 2015.

<u>Source</u>: Order Denying in Part and Granting In Part Defendant City of Richmond's Motion for Summary Judgment, p.10, lines 14-18 (Dkt. No. 124)

**Plaintiff's Objections to Disputed Instruction No. 1**

1.      This instruction is overbroad.  There are events, conduct and allegations that occurred after 2015, unrelated to or outside of subsequent EEOC complaints.  If Defendants wish to exclude events, conduct and allegations in other EEOC complaints, this instruction does not track and does not track with the order of the Court Order Denying in Part and Granting In Part Defendant City of Richmond's Motion for Summary Judgment, p.10, lines 14-18 (Dkt. No. 124)

**Disputed instruction No. 2 Re Failure To File Timely Administrative Complaint With DFEH**
**Offered by Defendant City and Defendant Mendoza**

The City of Richmond and Hugo Mendoza contend that David Batiste's claims under state law may not proceed because Mr. Batiste did not timely file a complaint with the Department of Fair Employment and Housing (DFEH). A complaint is timely if it was filed within one year of the date on which a defendant's alleged unlawful harassment occurred.

Mr. Batiste filed a complaint with the DFEH on September 1, 2015. The City of Richmond and Hugo Mendoza claim that the alleged unlawful harassment that triggered the requirement to file a complaint occurred before September 1, 2014. Mr. Batiste claims that one or both defendants' alleged unlawful harassment was a continuing violation so that the requirement to file a complaint was triggered no earlier than _____.

The City of Richmond's or Hugo Mendoza's alleged unlawful harassment is considered as continuing to occur as long as all of the following three conditions continue to exist:

1. Conduct occurring within a year of the date on which Mr. Batiste filed his complaint with the DFEH was similar or related to the conduct that occurred earlier;

2. That conduct was reasonably frequent; and

3. The conduct had not yet become permanent.

"Permanent" in this context means that the conduct has stopped [omitted language] or a defendant's statements and actions would make it clear to a reasonable employee that any further efforts to resolve the issue internally would be futile.

The burden is on Mr. Batiste to prove that the complaint was filed on time with the department.

Source: CACI No. 2508 (2015) (modifications noted)

**Disputed instruction No. 2 Re Failure To File Timely Administrative Complaint With DFEH**
**Offered by Plaintiff**

Defendants City of Richmond and Hugo Mendoza contend that David Batiste's lawsuit may not proceed because Mr. Batiste did not timely file a complaint with the Department of Fair Employment and Housing (DFEH). A complaint is timely if it was filed within one year of the date on which the City of Richmond or Hugo Mendoza's alleged unlawful practice occurred.

Mr. Batiste filed a complaint with the DFEH on September 1, 2015.  Mr. Batiste may recover for acts of alleged harassment that occurred before September 1, 2014, only if he proves all of the following:

1.  That Defendants' harassment that occurred before September 1, 2015 was similar or related to the conduct  that  occurred on or after  that date;

2.  That the conduct was reasonably frequent; and

3.  That the conduct had not yet become permanent before that date.

"Permanent" in this context means that the conduct has stopped, Mr. Batiste has resigned, or Defendants' statements and actions would make it clear to a reasonable employee that any further efforts to resolve the issue internally would be futile.

**Source:  CACI 2508. Failure to File Timely Administrative Complaint—Plaintiff Alleges Continuing Violation (Gov. Code, § 12960(e)) – with party names and dates added**

**Disputed Instruction No. 3 Re State Law Work Environment Harassment By Employer Offered By Plaintiff Batiste**

Plaintiff claims that he was subjected to harassment based on his race at the City of Richmond and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

To establish this claim, Plaintiff must prove all of the following:

1. That Plaintiff was an employee with the City of Richmond.
2. That Plaintiff was subjected to harassing conduct because he was African American;
3. That the harassing conduct was severe or pervasive;
4. That a reasonable African American in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;
5. That Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;
6. That a supervisor engaged in the conduct; or that the City of Richmond or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action;
7. That Plaintiff was harmed; and
8. That the conduct was a substantial factor in causing Plaintiff's harm.

<u>Source</u>: CACI No. 2521A (2023)

**Disputed Instruction No. 3 Re State Law Work Environment Harassment By Employer Offered By Defendant City and Defendant Mendoza**

David Batiste claims that he was subjected to harassment based on his race at the City of Richmond, causing a hostile or abusive work environment. To establish this claim, Mr. Batiste must prove all of the following:

1. That Mr. Batiste was an employee of the City of Richmond;

2. That Mr. Batiste was subjected to unwanted harassing conduct because he is African American;

3. That the harassing conduct was "severe or pervasive";

4. That a reasonable person in Mr. Batiste's circumstances would have considered the work environment to be hostile or abusive;

5. That Mr. Batiste considered the work environment to be hostile or abusive;

6. That a supervisor engaged in the conduct

   or

   That the City of Richmond or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action;

7. That Mr. Batiste was harmed; and

8. That the conduct was a substantial factor in causing Mr. Batiste's harm.

Source: CACI NO. 2521A (2015) (modifications noted)

**Disputed Instruction No. 4 Re State Law Work Environment Harassment By Individual Offered By Plaintiff Batiste**

Plaintiff claims that Hugo Mendoza subjected him to harassment based on race at the City of Richmond and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

To establish this claim, Plaintiff must prove all of the following:

1. That Plaintiff was an employee of the City of Richmond;
2. That Plaintiff was subjected to harassing conduct because he was African American;
3. That the harassing conduct was severe or pervasive;
4. That a reasonable African American  in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;
5. That Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;
6. That Hugo Mendoza participated in, assisted or encouraged the harassing conduct;
7. That Plaintiff was harmed; and
8. That the conduct was a substantial factor in causing Plaintiff's harm.

<u>Source</u>: CACI NO. 2522A (2023)

**Disputed Instruction No. 4 Re State Law Work Environment Harassment By Individual Offered By Defendant Mendoza and Defendant City**

David Batiste claims that Hugo Mendoza subjected him to harassment based on race, causing a hostile or abusive work environment. To establish this claim, Mr. Batiste must prove all of the following:

1. That Mr. Batiste was an employee of the City of Richmond;

2. That Mr. Batiste was subjected to unwanted "harassing conduct" because he is African American;

3. That the harassing conduct was "severe or pervasive";

4. That a reasonable person in Mr. Batiste's circumstances would have considered the work environment to be hostile or abusive;

5. That Mr. Batiste considered the work environment to be hostile or abusive;

6. That Hugo Mendoza participated in the harassing conduct;

7. That Mr. Batiste was harmed; and

8. That the conduct was a substantial factor in causing Mr. Batiste's harm.

Source: CACI No. 2522A (2015) (modifications noted)

**Stipulated Instruction No. 5 Re "Harassing Conduct" Under State Law Explained**

"Harassing conduct" may include, but is not limited to, <u>any of the following</u>:

(a)     Verbal harassment, such as obscene language, demeaning comments, slurs or threats; or

(b)     Physical harassment such as unwanted touching, assault, or physical interference with normal work or movement; or

(c)     Visual harassment, such as offensive posters, objects, cartoons, or drawings.

<u>Source</u>: CACI No. 2523 (2023) (modifications noted)

**Disputed Instruction No. 6 Re "Severe or Pervasive" Under State Law Explained Offered By Plaintiff Batiste**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a work environment that is hostile, intimidating, offensive, oppressive, or abusive.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances, including any or all of the following:

(a) The nature of the conduct;
(b) How often, and over what period of time, the conduct occurred;
(c) The circumstances under which the conduct occurred;
(d) Whether the conduct was physically threatening or humiliating.

Plaintiff does not have to prove that his productivity has declined. It is sufficient to prove that a reasonable person who was subjected to the harassing conduct would find that the conduct so altered working conditions as to make it more difficult to do the job.

A single incident can be sufficiently severe or pervasive to constitute harassment.

<u>Source</u>: CACI NO. 2524 (2023)

**Disputed Instruction No. 6 Re "Severe or Pervasive" Under State Law Explained**
**Offered By Defendant City of Richmond and Defendant Hugo Mendoza**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances. You may consider any or all of the following:

(a) The nature of the conduct;

(b)  How often, and over what period of time, the conduct occurred;

(c) The circumstances under which the conduct occurred;

(d) Whether the conduct was physically threatening or humiliating or a mere offensive utterance;

(e) The extent to which the conduct unreasonably interfered with an employee's work performance.

<u>Source</u>: CACI No. 2524 (2015)

16

**Disputed Instruction No. 7 Re Minor Conduct Not Unlawful**
**Offered By Defendant City and Defendant Mendoza**

The law against workplace harassment is not a general civility code. The workplace must be permeated with discriminatory intimidation, ridicule or insult in order to alter the conditions of employment and create an abusive working environment. Unlawful harassment must consist of more than annoying or merely offensive language and does not include conduct that is occasional, isolated, sporadic or trivial.

Source: *Lyle v. Warner Bros. Television Prod.*, 38 Cal.4th 264, 283 (2006); *Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243, 263 (2009); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); see also *Etter v. Veriflo Corp.,* 67 Cal.App.4th 457 (1998) (no error to give similar occasional and trivial instruction)

**Plaintiff's Objection to Dispute Instruction 7**

No alternative or counter instruction provided.  This instruction should not be given because this instruction tends to confuse the jury as there is already a "harassment" defined instruction included herein.

**Stipulated Instruction No. 8 Re "Supervisor" Under State Law Defined**

<u>A supervisor is an individual who</u> had the discretion and authority:

(a)      To hire, transfer, promote, assign, reward, discipline, or discharge other employees or to effectively recommend any of these actions; or

(b)      To act on the grievances of other employees or effectively recommend action on grievances; or

(c)      To direct David Batiste's daily work activities.

<u>Source</u>: CACI No. 2525 (2015) (modifications noted)

**Stipulated Instruction No. 9 Re Scope of Individual Liability Under State Law
Offered By Defendant Mendoza and Defendant City**

      An individual may be liable only for harassment they engage in personally. Neither a supervisor nor other employee may be liable for harassment engaged in by others.

Source: Govt. Code §12940(j)(3); *Fiol v. Doellstedt*, 50 Cal.App.4th 1318 (1996) (supervisor was not personally liable under FEHA, as aider and abettor of either harasser or employer, for failing to take action to prevent harassment).

**Disputed Instruction No. 10 Re Avoidable Consequences Defense Under State Law Offered By Defendant City and Defendant Mendoza**

If David Batiste proves that Hugo Mendoza racially harassed him, the City of Richmond is responsible for Mr. Batiste's harm caused by the harassment. However, the City of Richmond claims that Mr. Batiste could have avoided some or all of the harm with reasonable effort. To succeed, the City of Richmond must prove all of the following:

1. That the City of Richmond took reasonable steps to prevent and correct workplace racial harassment;

2. That Mr. Batiste unreasonably failed to use the preventive and corrective measures for workplace harassment the City provided;

3. That the reasonable use of the City's procedures would have prevented some or all of Mr. Batiste's harm.

You should consider the reasonableness of Mr. Batiste's actions in light of the circumstances facing him at the time, including his ability to report the conduct without facing undue risk, expense, or humiliation.

If you decide that the City of Richmond has proved this claim, you should not include in your award of damages the amount of damages that David Batiste could reasonably have avoided.

Source: CACI No. 2526 (2015) (modifications noted)

**Plaintiff Objects to Defendants' Proposed Instruction 10**

No alternative or counter instruction given.  This instruction should not be given because this instruction does not apply to a racial harassment case.

**Disputed Instruction No. 11 Re Proof of Damages**
**Offered By Plaintiff Batiste**


It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the claim that he was harass in the workplace on account of his race, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

- Future pecuniary losses;
- Emotional pain, suffering, inconvenience, mental anguish, or the loss of enjoyment of life;
- Present medical care;
- Future medical care;
- As to Defendant Hugo Mendoza, punitive damages.

It is for you to determine what damages, if any, have been proved.  See Instruction 5.2.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.



Source: Ninth Circuit Model Civil Jury Instruction No. 5.1

**Disputed Instruction No. 11 Re Proof of Damages**
**Offered By Defendant City and Defendant Mendoza**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on one of his claim for <u>racial harassment</u> you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:

- <u>The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future</u>

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not speculation, guesswork, or conjecture.

<u>Source</u>: Ninth Circuit Model Civil Jury Instruction No. 5.1 (modifications noted)

**Disputed Instruction No. 12 Re Types of Damages**
**Offered By Plaintiff Batiste**

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

Source: Ninth Circuit Model Civil Jury Instruction No. 5.2

**Defendant City's and Defendant Mendoza's Objections to Disputed Instruction No. 12**

1. Plaintiff failed to disclose the listed measures of damages (or calculations) on timely initial or supplemental disclosures pursuant to Fed. R. Civ. Proc. 26(a)(1)(A)(iii) and 26€(1)(A). Thus, they should be excluded.

2. Defendant City moved in limine to exclude plaintiff's economic damages allegations and calculations disclosed after the close of discovery (3/31/23). This motion was granted as unopposed. (Dkt. No. 244)

3. This instruction is duplicative of Model Instruction No. 5.1

**Stipulated Instruction No. 13 Re Mitigation of Damages**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

One or both defendants has the burden of proving by a preponderance of the evidence:

1. That plaintiff failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

<u>Source</u>: Ninth Circuit Model Civil Jury Instruction No. 5.3

**Stipulated Instruction No. 14 Re Nominal Damages**

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

<u>Source</u>: Ninth Circuit Model Civil Jury Instruction No. 5.6

**Stipulated Instruction No. 15 Re Arguments of Counsel Not Evidence of Damages**

   The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

<u>Source</u>: CACI No. 3925 (2023)

**Disputed Instruction No. 16 Re Punitive Damages of Individual Defendant Under State Law**

If you decide that Defendant Hugo Mendoza's conduct caused Plaintiff David Batiste harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Mr. Batiste proves by clear and convincing evidence that Hugo Mendoza engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Hugo Mendoza acted with intent to cause injury or that [name of defendant]'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Hugo Mendoza's conduct was despicable and subjected Mr. Batiste to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [name of defendant] intentionally misrepresented or concealed a material fact and did so intending to harm Mr. Batiste.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

a.  How reprehensible was Hugo Mendoza's conduct? In deciding how reprehensible Hugo Mendoza's conduct was, you may consider, among other factors:
    1.  Whether the conduct caused physical harm;
    2.  Whether Hugo Mendoza disregarded the health or safety of others;
    3.  Whether David Batiste was financially weak or vulnerable and Hugo Mendoza knew David Batiste was financially weak or vulnerable and took advantage of him;
    4.  Whether Hugo Mendoza's conduct involved a pattern or practice; and
    5.  Whether Hugo Mendoza acted with trickery or deceit.

b.  Is there a reasonable relationship between the amount of punitive damages and David Batiste's harm?

c.  In view of Hugo Mendoza's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Hugo Mendoza has substantial financial resources.

Source:  CACI 3940 (2023)

33

**Defendant Mendoza's Objections to Punitive Damage Instruction**

Defendant objects to this instruction because there are no facts of malice, oppression or fraud sufficient to justify submitting this instruction to the jury.

**Stipulated Instruction No. 17 Re Limiting Instruction On Testimony of Stephen Chiari**

You will now hear evidence of an investigation conducted by Stephen Chiari on behalf of the City of Richmond. This evidence is offered to show that the City of Richmond conducted an investigation of Mr. Batiste's workplace complaints in 2015, including the use of the nickname Memin in the workplace.

Mr. Chiari is expected to testify about the scope of his investigation, the investigatory procedure he followed, the evidence he received, and his factual findings. To the extent I permit evidence of the investigator's opinions on the credibility of witnesses he interviewed, you should not rely on his credibility assessments but make your own determination of the facts based on the totality of the evidence presented in this case.

**Stipulated Instruction No. 18 Re Exhibit Redactions**

The Court has admitted exhibits with redactions into evidence.  You must not speculate as to what was redacted in those exhibits or why those redactions were made.