Paul L. Alaga, CASBN 221165
Conrad Wu, CASBN 256706
BRYANT LAW GROUP
885 Bryant Street, Suite 202
San Francisco, California 94103
415-581-0885 Tel.
415-581-0887 Fax.
Attorneys for Plaintiff David Batiste

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID BATISTE, | Case No.: 22-cv-01188-AMO |
| Plaintiff, | **PLAINTIFF'S OBJECTIONS AND** |
| vs. | **ALTERNATIVE PROPOSALS TO** |
| | **PLAINTIFFS' PROPOSED JURY** |
| CITY OF RICHMOND, HUGO MENDOZA TIM HIGARES and DOES 1-50, | **INSTRUCTIONS RE: LACHES AND UNCLEAN HANDS** |
| Defendants. | Place: Courtroom 10, 19th Floor |
| | Judge: The Honorable Araceli Marinez-Olguin |

**I. INTRODUCTION**

On September 11, this Court in Document Number 291 entered a Further Order re [290] Jury Instructions, indicating the Court's intention to "seek an advisory opinion from the jury" on the affirmative defenses of laches and unclean hands. The Court directed Defendants to file proposed jury instructions and Plaintiffs to file, and submit a Word version of, any objections or alternate proposals.

Defendants filed and served their proposed Jury Instructions, Document Number 307.

This writing follows.

**II. PLAINTIFF OBJECTS TO THE COURT'S SEEKING AN ADVISORY OPINION FROM THE JURY ON THE DEFENSES OF LACHES AND UNCLEAN HANDS AS INVITING INAPPROPRIATE CONSIDERATION OF MATTERS WITHIN THE COURT'S SOLE PURVIEW**

Plaintiffs agree with Defendants' conclusion that the factual determinations relevant to the defenses of Laches and Unclean hands are not for the jury to decide. *See Defendant of Richmond's Statement re Jury's Role in Laches and Unclean Hands Defenses,* Document Number 237.

"[T]he determination of equitable defenses and equitable remedies is a matter for the court to decide, not the jury." *Smith v. World Ins. Co.,* 38 F.2d 1456, 1462 (8th Cir. 1994). As noted by Defendants, this includes the underlying factual determinations. *Bakersfield Elementary School Teachers Assn. v. Bakersfield City School Dist.,* 145 Cal.App.4th 1260, 1274 (2006).

As such, there seems no place in the evidentiary scheme for the jury to issue an "advisory opinion" on the question. The concession that any weight whatsoever is put on the "advice" of the jury on these questions is an erosion of the province of the Court; it is an invitation to error.

Further, any consideration by the Jury of laches or unclean hands evidence invites violation of FRE §402; such evidence is by definition irrelevant for the Jury, as it is not of consequence in their determination of the action, FRE §401(b). Such evidence tends by its very nature to confuse the issues to be considered by the Jury, and – in pointing to inequitable conduct on the part of the Plaintiff which isn't to make up any part of their consideration – presents a substantial danger of unfair prejudice to Plaintiff's cause, FRE §403.

**III. PLAINTIFF OBJECTS TO THE COURT'S SEEKING AN ADVISORY OPINION FROM THE JURY ON THE DEFENSE OF LACHES ABSENT A SHOWING WHICH OVERCOMES THE "STRONG PRESUMPTION" AGAINST THE DEFENSE**

Equitable defenses run parallel to legal claims; laches in particular is principally applied to claims of an equitable cast *for which the Legislature has provided no fixed time limitation*. *Petrella v. Metro-Goldwyn-Mayer, Inc.* 572 U.S. 663, 678 (2014) [emphasis added].

1  "Courts are to decide whether a delay is reasonable in reference to the limitations period
2  for the analogous action at law.  If a plaintiff has brought suit within the analogous limitations
3  period, then there is a strong presumption that laches does not apply." *Kiva Health Brands LLC*
4  *v. Kiva Brands Inc.,* 439 F. Supp 3d 1185, 1193 (N. D. California, 2020) [cleaned up], *citing*
5  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F. 3d 829, 835 (9th Cir. 2002).

6  This view – of a 'strong presumption' against the imposition of a laches defense in an
7  action brought within the statutory period – highlights some of the difficulty of reposing this
8  legal question to the consideration of the jury.  At a minimum it tolls in favor of some additional
9  instructing, as is proposed *infra*.  But moreover, it creates a procedural difficulty which supports
10 Plaintiff's argument that no part of this consideration should go before the Jury.  As with all
11 presumptions, this presumption creates a burden of producing evidence to rebut it, but does not
12 shift the burden of persuasion, FRE §301.  But the Defendants already have the burden as to this
13 affirmative defense, so how is the Court to give weight to the presumption?  The Advisory
14 Committee Notes to 301 provide some insight; for instance, we cannot give 'lesser effect' to
15 presumptions just because they are imposed against the party already carrying the burden of
16 production; it is not enough to say that a presumption vanishes just because there is *some*
17 evidence which tends to rebut it.  *See* Morgan and Maguire, Looking Backward and Forward at
18 Evidence, 50 Harv.L.Rev. 909, 913(1937).  Such a view would accord presumptions too "slight
19 and evanescent" an effect.  *Ibid.*

20 There is simply no practical way for a Jury to determine whether a "strong presumption"
21 has been overcome or not as regards a question which it is not within their province to
22 determine; the overcoming of the presumption, like the question of laches itself, is one for the
23 Judge.

24 Prior to a Judicial determination that the strong presumption of the inapplicability of the
25 laches defense has been overcome, *no* consideration of the question ought come before the Jury.

26 To the degree that this Court rejects the above argument, a proposed addition to
27 Defendants' proposed instructions is attached hereto.

28

**IV. PLAINTIFF OBJECTS TO THE COURT'S SEEKING AN ADVISORY OPINION FROM THE JURY AS TO THE LACHES DEFENSE REGARDING ANY LEGAL, AS VERSUS EQUITABLE, CLAIMS**

Under California law, the equitable defense of laches is only applicable to equitable causes of action. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.* 235 F.3d 1184, 1193 (9th Cir. 2000). The sole cause of action here is statutory; there are no affirmative equitable claims.

Plaintiff objects to the application of the laches defense to any claim which does not sound in equity.

**V. PLAINTIFF OBJECTS TO THE COURT'S SEEKING AN ADVISORY OPINION FROM THE JURY AS TO THE UNCLEAN HANDS DEFENSE ABSENT A SHOWING THAT THE APPLICATION OF THE DOCTRINE WOULD NOT FRUSTRATE A SUBSTANTIAL PUBLIC INTEREST**

There is obvious and generalized difficulty in reposing equitable questions to the jury. "The determination of the unclean hands defense cannot be distorted into a proceeding to try the general morals of the parties." *Fibreboard Paper Products Corp. v. East Bay Union of Machinists* 227 Cal.app.2d 675, 729. Beyond those generalized issues which toll against the Court's proposed course of action, there are larger problems as well.

The transcendent problems which inhere to the Jury's consideration of the laches defense present also in the context of unclean hands. Specifically, the application of the defense is not a mechanical matter flowing from the determination of facts; it is a *policy* judgment weighing matters that only the Court is equipped to consider. The "doctrine should not be strictly enforced when to do so would frustrate a substantial public interest," *E.E.O.C. v. Recruit U.S.A., Inc.* 939 F.2d 746, 753 (9th Cir. 1991). How is the jury to cast a wide enough gaze to consider what public interests are 'substantial' in the context of this suit for relief?

As with laches, Plaintiff offers corrective language to Defendants' proposed instruction, but objects that the whole endeavor invites unwise and improper considerations into the jury room. Prior to a finding by the Court that the application of the unclean hands doctrine would

not in fact run afoul of its equitable guardrails - that it's application would *not* frustrate a substantial public interest – the question should not go before the jury.

To the degree that this Court rejects the above argument, a proposed addition to Defendants' proposed instructions is attached hereto.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully urges this Court that it should not seek the Jury's opinion on the question of equitable defenses. Barring that, amendments to the proposed instructions follow.

Respectfully Submitted,

DATED: September 17, 2024          */s/ Paul Alaga*

                                                      PAUL ALAGA
                                                    Attorney for Plaintiff David Batiste

**PLAINTIFF'S ALTERNATIVE PROPOSALS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

N.B. – proposed deletions are noted by ~~strikethrough~~; proposed additions are noted by *italics*.

**Proposed Instruction No. 19 re Affirmative Defense of Laches**

Laches is an equitable doctrine, distinct from a statute of limitations, whereby a party may lose his or her right to assert a claim by not making or pursuing it promptly. The affirmative defense of laches arises when a party has "slept on" his or her rights.

*Laches is only available to "equitable," rather than to "legal," claims. The Court will instruct you on which claims may support the defense.*

Laches requires proof of the following two elements:

1. A lack of diligence by the party against whom the defense is asserted; and
2. Prejudice to the party asserting the defense.

"Prejudice" may arise from the length of the delay and may result in the loss of evidence such as the unavailability of witnesses or the faded memories of available witnesses. ~~Defendants assert that plaintiff has not proceeded diligently in making and pursuing his FEHA claim against them resulting in prejudice~~. Defendants must prove this defense by a preponderance of the evidence. At the end of the verdict form, you will be asked to advise the court whether the elements of laches have been proved.

*Where the Plaintiff has filed his claim within the Statute of Limitations, there is a "strong presumption" that the defense of laches does not apply. Even if Defendants have presented <u>some</u> evidence in support of their defense, you must find that this "strong presumption" has been overcome for the defense to apply.*

**Proposed Instruction No. 20 re Affirmative Defense of Unclean Hands**

The doctrine of unclean hands requires that a plaintiff come into court with clean hands~~, and keep them clean,~~ or he ~~will~~ *may* be denied relief, regardless of the merits of his claim. The affirmative defense arises when a plaintiff has acted in bad faith, inequitably or unconscionably in the *specific* matter in which the plaintiff seeks relief.

Unclean hands requires proof of the following two elements:

1. Bad faith, inequitable or unconscionable conduct by the plaintiff; and
2. The conduct directly relates to the claim which plaintiff has asserted against the defendants.

Defendants assert that plaintiff has not come to court with clean hands and has acted in bad faith, inequitably, or unconscionably in making and pursuing his FEHA claim against them. Defendants must prove this defense by a preponderance of the evidence. At the end of the verdict form, you will be asked to advise the court whether the elements of unclean hands have been proved.

*Unclean hands may not be used as a defense when doing so would frustrate a substantial public interest.  Regardless of your view of Plaintiff's conduct as it directly relates to his claim, you may not find the defense to be proved if you believe that the application of this defense would frustrate a substantial public interest.*