UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATISTE,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF RICHMOND, et al.,<br><br>                    Defendants. | Case No.  22-cv-01188-AMO<br><br>**FINAL JURY INSTRUCTIONS** |

### NO. 1 - DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.  You will next hear the arguments of the attorneys, and then I will provide you a few final instructions.

A copy of these instructions has been provided to each of you.  You are welcome to follow along or just listen to me read them.  You may also consult them during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## NO. 2 - CLAIMS AND DEFENSES

To help you follow the attorneys' arguments, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that he was subjected workplace harassment on the basis of his race in violation of the California Fair Employment and Housing Act. The plaintiff has the burden of proving this claim.

The defendants deny this claim and assert that plaintiff's claim is barred in whole or part by the statute of limitations and his failure to mitigate his damages.  The City also asserts that plaintiff failed to take steps to protect himself from avoidable consequences.  The defendants have the burden of proof on their affirmative defenses.

The plaintiff denies defendants' affirmative defense.

1

**NO. 3 - BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NO. 4 - TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

United States District Court
Northern District of California

**NO. 5 - FAILURE TO TIMELY FILE ADMINISTRATIVE COMPLAINT**

Defendants City of Richmond and Hugo Mendoza contend that David Batiste's lawsuit may not proceed because Mr. Batiste did not timely file a complaint with the required administrative agency.  A complaint is timely if it was filed within one year of the date on which the City of Richmond or Hugo Mendoza's alleged unlawful practice occurred.

Mr. Batiste filed a complaint with the required administrative agency on August 24, 2015. Mr. Batiste may recover for acts of alleged harassment that occurred before August 24, 2014, only if he proves all of the following:

1. That Defendants' harassment that occurred before August 24, 2014 was similar or related to the conduct that occurred on or after that date;

2. That the conduct was reasonably frequent; and

3. That the conduct had not yet become permanent before that date.

"Permanent" in this context means that the conduct has stopped, Mr. Batiste has resigned, or Defendants' statements and actions would make it clear to a reasonable employee that any further efforts to resolve the issue internally would be futile.

# NO. 6 - RACIAL HARASSMENT BY EMPLOYER

Mr. Batiste claims that he was subjected to harassment based on his race at the City of Richmond and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

To establish this claim, Mr. Batiste must prove all of the following:

1. That Mr. Batiste was an employee with the City of Richmond.

2. That Mr. Batiste was subjected to harassing conduct because he was African American;

3. That the harassing conduct was severe or pervasive;

4. That a reasonable African American in Mr. Batiste's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

5. That Mr. Batiste considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

6. That a supervisor engaged in the conduct; or that the City of Richmond or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action;

7. That Mr. Batiste was harmed; and

8. That the conduct was a substantial factor in causing Mr. Batiste's harm.

United States District Court
Northern District of California

# NO. 7 - RACIAL HARASSMENT BY INDIVIDUAL

Mr. Batiste claims that Hugo Mendoza subjected him to harassment based on race at the City of Richmond and that this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

To establish this claim, Mr. Batiste must prove all of the following:

1. That Mr. Batiste was an employee of the City of Richmond;

2. That Mr. Batiste was subjected to harassing conduct because he was African American;

3. That the harassing conduct was severe or pervasive;

4. That a reasonable African American in Mr. Batiste's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

5. That Mr. Batiste considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive;

6. That Hugo Mendoza participated in, assisted or encouraged the harassing conduct;

7. That Mr. Batiste was harmed; and

8. That the conduct was a substantial factor in causing Mr. Batiste's harm.

### NO. 8 - "HARASSING CONDUCT"

"Harassing conduct" may include, but is not limited to, any of the following:

(a)    Verbal harassment, such as obscene language, demeaning comments, slurs or threats; or

(b)    Physical harassment such as unwanted touching, assault, or physical interference with normal work or movement; or

(c)    Visual harassment, such as offensive posters, objects, cartoons, or drawings.

United States District Court
Northern District of California

## NO. 9 - "SEVERE OR PERVASIVE"

"Severe or pervasive" means conduct that alters the conditions of employment and creates a work environment that is hostile, intimidating, offensive, oppressive, or abusive.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances, including any or all of the following:

(a) The nature of the conduct;

(b) How often, and over what period of time, the conduct occurred;

(c) The circumstances under which the conduct occurred;

(d) Whether the conduct was physically threatening or humiliating.

Mr. Batiste does not have to prove that his productivity has declined.  It is sufficient to prove that a reasonable person who was subjected to the harassing conduct would find that the conduct so altered working conditions as to make it more difficult to do the job.

A single incident can be sufficiently severe or pervasive to constitute harassment.

**NO. 10 - "SUPERVISOR"**

A supervisor is an individual who had the discretion and authority:

(a)    To hire, transfer, promote, assign, reward, discipline, or discharge other employees or to effectively recommend any of these actions; or

(b)    To act on the grievances of other employees or effectively recommend action on grievances; or

(c)    To direct David Batiste's daily work activities.

1

**NO. 11 - SCOPE OF INDIVIDUAL LIABILITY UNDER STATE LAW**

2        An individual may be liable only for harassment they engage in personally.  Neither a

3    supervisor nor other employee may be liable for harassment engaged in by others.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NO. 12 - AVOIDABLE CONSEQUENCES DEFENSE UNDER STATE LAW**

2    If David Batiste proves that Hugo Mendoza racially harassed him, the City of Richmond is

3    responsible for Mr. Batiste's harm caused by the harassment. However, the City of Richmond

4    claims that Mr. Batiste could have avoided some or all of the harm with reasonable effort.  To

5    succeed, the City of Richmond must prove all of the following:

6    1.   That the City of Richmond took reasonable steps to prevent and correct workplace racial

7         harassment;

8    2.   That Mr. Batiste unreasonably failed to use the preventive and corrective measures for

9         workplace harassment the City provided;

10   3.   That the reasonable use of the City's procedures would have prevented some or all of Mr.

11        Batiste's harm.

12   You should consider the reasonableness of Mr. Batiste's actions in light of the

13   circumstances facing him at the time, including his ability to report the conduct without facing

14   undue risk, expense, or humiliation.

15   If you decide that the City of Richmond has proved this claim, you should not include in

16   your award of damages the amount of damages that David Batiste could reasonably have avoided.

United States District Court
Northern District of California

**NO. 13 - PROOF OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Batiste on the claim that he was harassed in the workplace on account of his race, you must determine Mr. Batiste's damages.  Mr. Batiste has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Mr. Batiste for any injury you find was caused by the defendants.  You should consider the following:

- Emotional pain, suffering, inconvenience, mental anguish, or the loss of enjoyment of life;
- The nature and extent of injuries;

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**NO. 14 - MITIGATION OF DAMAGES**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

One or both defendants has the burden of proving by a preponderance of the evidence:

1.  That plaintiff failed to use reasonable efforts to mitigate damages; and

2.  The amount by which damages would have been mitigated.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 15 - NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### NO. 16 - ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

### NO. 17 - WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

**NO. 18 - WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

United States District Court
Northern District of California

### NO. 19 - LIMITING INSTRUCTION ON TESTIMONY OF STEPHEN CHIARI

You have heard evidence of an investigation conducted by Stephen Chiari on behalf of the City of Richmond.  This evidence was offered to show that the City of Richmond conducted an investigation of Mr. Batiste's workplace complaints in 2015, including the use of the nickname Memín in the workplace.

To the extent I permitted evidence of the investigator's opinions on the credibility of witnesses he interviewed, you should not rely on his credibility assessments but make your own determination of the facts based on the totality of the evidence presented in this case.

**NO. 20 - DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**NO. 21 – DUTY TO ABIDE BY TRANSLATION PROVIDED IN COURT**

Some testimony was given in Spanish.  An interpreter provided a translation for you at the time that the testimony was given.  You must rely solely on the translation provided by the interpreter, even if you understand Spanish.  Do not retranslate any testimony for other jurors.

**NO. 22 - CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 23 - TAKING NOTES**

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## NO. 24 - IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness lied on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**NO. 25 - EXHIBIT REDACTIONS**

The Court has admitted exhibits with redactions into evidence.  You must not speculate as to what was redacted in those exhibits or why those redactions were made.

**NO. 26 - DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your foreperson.  The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### NO. 27 - CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has

not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**NO. 28 - COMMUNICATION WITH COURT**

2

3

If it becomes necessary during your deliberations to communicate with me, you may send

a note through the courtroom deputy, signed by any one or more of you.  No member of the jury

should ever attempt to communicate with me except by a signed writing.  I will not communicate

with any member of the jury on anything concerning the case except in writing or here in open

court.  If you send out a question, I will consult with the lawyers before answering it, which may

take some time.  You should continue your deliberations while waiting for the answer to any

question.  Remember that you are not to tell anyone—including the court—how the jury stands,

whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or

have been discharged.  Do not disclose any vote count in any note to the court.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 29 - RETURN OF VERDICT**

A verdict form has been prepared for you.  The verdict form has a number of questions for you, some of which you do not need to answer, depending on your answer to the previous question or questions.  Please read the instruction that follows each question carefully, which is to stay, please only answer the questions required.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.