UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATISTE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, et al.,<br><br>    Defendants. | Case No. 22-cv-01188-AMO<br><br>**VERDICT FORM** |

We the Jury in the above-entitled case unanimously find as follows:

**A. Existence of Racially Hostile Work Environment (See Instructions 6-10.)**

1. Did David Batiste prove by a preponderance of the evidence that he was subject to a hostile, intimidating, offensive, oppressive, or abusive work environment, based on race, at the City of Richmond?

    \_\_\_\_\_ Yes  \_\_✓\_\_ No

If your answer is yes, proceed to Question 2. If your answer is no, do not answer any further questions and proceed to the end of this form to sign and date it.

**B. Time Period of Racially Hostile Work Environment**

2. Did David Batiste prove by a preponderance of the evidence that he was subject to any racially harassing conduct between August 24, 2014 and August 24, 2015?

    \_\_\_\_\_ Yes  \_\_\_\_\_ No

If your answer is yes, proceed to Question 3. If your answer is no, do not answer any further questions and proceed to the end of this form to sign and date it.

3. Did David Batiste prove by a preponderance of the evidence that he was subject to any racially harassing conduct before August 24, 2014?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer is yes, proceed to Question 4. If your answer is no, proceed to Question 5.

4. Did David Batiste prove by a preponderance of the evidence that racially harassing conduct occurring before August 24, 2014 was a continuing violation with racially harassing conduct that occurred between August 24, 2014 and August 24, 2015? **(See Instruction 5.)**

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer is yes, proceed to Question 5. If your answer is no, proceed to Question 5 and answer only with regard to racially harassing conduct occurring between August 24, 2014 and August 24, 2015.

## C. Employer Liability (See Instructions 6, 8-10.)

5. Did David Batiste prove by a preponderance of the evidence that a supervisor committed racially harassing conduct?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer is yes, proceed to Question 6. If your answer is no, proceed to Question 7.

6. If racially harassing conduct was engaged in by a supervisor, did the City of Richmond prove by a preponderance of the evidence that it took reasonable steps to prevent and correct workplace harassment, that David Batiste unreasonably failed to use the City's processes for addressing workplace harassment, and that Mr. Batiste could have prevented some or all of his harm had he used those processes. **(See also Instruction 12.)**

\_\_\_\_\_ Yes \_\_\_\_\_ No

Whether your answer is yes or no, proceed to Question 7.

2

7. If racially harassing conduct was committed by non-supervisory co-workers, did David Batiste prove by a preponderance of the evidence that City of Richmond supervisors or agents knew or should have known of the racial harassment before his 2015 EEOC complaint and failed to take immediate and appropriate corrective action?

_____ Yes _____ No.

Whether your answer is yes or no, proceed to Question 8.

### D. Hugo Mendoza Liability (Instructions 7-9, 11.)

8. If you answered yes to Question 1, did David Batiste prove by a preponderance of the evidence that Hugo Mendoza personally engaged in racially harassing conduct which created a hostile work environment?

_____ Yes _____ No

### E. Damages (Instructions 12-16.)

If you answered yes to Questions 1 and 2 and 5, 7 and/or 8, answer the following:

9. Did David Batiste prove by a preponderance of the evidence that racial harassment was a substantial factor in causing him harm?

_____ Yes _____ No

10. What is the total amount of damages that David Batiste proved by a preponderance of the evidence for racial harassment?

$ _____

11. If you answered yes to Question 8, what amount of the damages identified in Question 10 did David Batiste prove by a preponderance of the evidence were caused by Hugo Mendoza.

$ _____

12. If you answered yes to Question 6, of the total damages identified in Question 10, what amount would not have occurred if David Batiste had timely used the City of Richmond's complaint processes?

$ _____

13. Did Defendant City and/or Defendant Mendoza prove by a preponderance of the evidence that David Batiste failed to mitigate his damages?
_____ Yes _____ No

14. If your answer to Question 13 is yes, state the amount of damages identified in Question 10 that could have been mitigated by David Batiste.

$ _____

Once you have completed the entire verdict form, please sign and date it below. Then let the court attendant know that you are ready to present your verdict in the courtroom.

Dated: 9/20/2024

_____
Jury Foreperson