UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATISTE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF RICHMOND, et al.,<br><br>    Defendants. | Case No. 22-cv-01188-AMO<br><br>**ORDER SUSTAINING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILLS OF COSTS**<br><br>Re: Dkt. No. 328 |

On September 20, 2024, in accordance with a jury verdict, judgment was entered in favor of Defendant City of Richmond and Defendant Hugo Mendoza, and against Plaintiff David Batiste. ECF 322. Defendants filed bills of costs, Batiste objected, and Defendant City of Richmond filed a response to Batiste's objections. Having considered the parties' submissions and relevant case law, and for the reasons discussed below, Batiste's objections are **SUSTAINED**.

Batiste objects to certain of Mendoza's deposition related costs. Pursuant to Local Civil Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." Batiste disputes Mendoza's inclusion of a condensed transcript fee ($32.50), handling and processing fee ($72.00), and litigation technology, support, and security management fee ($55.00). Mendoza does not challenge Batiste's objection. Because these specific fees are not included in the Local Civil Rule, the Court finds the three costs to which Batiste objects – totaling $159.50 – are not allowable.

As relates to the City of Richmond's bill of costs, Batiste objects to the City of Richmond's inclusion of the reporter's attendance fee ($325.00). Local Civil Rule 54-3(c)(5) provides that "[t]he attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness." Batiste argues

that because he appeared for both days of his scheduled deposition, the reporter's attendance fee is not allowable.  The City of Richmond's response to the objection directs the Court to out of district cases which hold that the cost of court reporter's attendance is taxable.  ECF 329 at 2.  However, the plain language of Rule 54-3(c)(5) and its interpretation by other courts in this district support Batiste.  *See Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-CV-01414-HSG, 2018 WL 4700347, at *4 (N.D. Cal. Sept. 30, 2018) (interpreting Local Rule 54-3(c)(5) to allow recovery of a reporter's attendance fee only when a witness fails to appear).  Thus, the Court finds the City of Richmond is not entitled to the reporter's attendance fee.

In sum, the Court **SUSTAINS** Batiste's objections and **DISALLOWS** $159.50 from Mendoza's bill of costs and $325.00 from the City of Richmond's bill of costs.

**IT IS SO ORDERED.**

Dated: November 25, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**